M’Kean C. J.
A court of equity will order a new trial on an issue directed to be tried at law, without setting aside the former verdict. It is merely for the satisfaction of the conscience of the chancellor. But I greatly doubt the power of *113 the register in a cáse similar to the present, where an issue has been directed under the law, to try the validity of a will. Undoubtedly, however, the court where the trial is have a power over the verdict. George Bowyer has proved the due execution of the will, by the testator, in the possession of his understanding. William Bowyer, one other of the witnesses, is dead, but his subscription to the will is a very powerful presumption in its favour. One affirmative witness, by the rules of law, countervails many in the negative. The sanity of the testator was submitted to the jury, upon all the evidence; there was a contrariety of evidence, but they were judges of the credibility of the witnesses. I think it highly probable, that a second jury would give the same verdict, even with the evidence lately discovered. I think therefore there are no grounds for us to award a new trial.
Shippen J.
The court discovered at the trial no leaning in whose favour the verdict should go. The sanity of the testator was fairly left to the jury to be dispassionately judged of on the whole of the evidence adduced to them. They have'validated the will on full consideration. One circumstance strikes me in the course of this business, on the testimony of Mr. Jacobs, from whose evidence the principal difficulty arises. He was sent for to draw the will; he stopped at different periods during the transaction, when he was doubtful of his understanding; but he went on with the will, when he found the testator in a better state of mind. Unquestionably, he then concluded in favour of his sanity. As to any conclusions he may have drawn since, the jury could form their judgment equally with himself. I am of opinion against a new trial.