RICHARD LEWIS plaintiff in error, *against* HENRY MANLY.

To exclude a witness from giving testimony on the ground of interest, he must have a certain not a possible benefit in the event of the suit.
A note given by a debtor to the agent of his creditor for goods sold, in order to obtain a discount thereon, and afterwards given up through misrepresentation of the drawer, is no extinguishment of the original debt.
Letters written by strangers to a witness are no evidence to prove an independent material fact, but they may be received as introductory evidence.

WRIT of error to the Court of Common Pleas of Philadelphia county, to which the following record was returned.

Be it remembered, that in the term of September in the year of our Lord 1793, came Henry Manly, by William Rawle his attorney, into the Court of Common Pleas in and for the county of Philadelphia, and impleaded Richard Lewis in a certain plea of trespass on the case, &c. in which the said Henry declared, &c. [general *indebitatus* assumpsit for 400*l.* for goods sold and delivered, to which defendant pleaded payment.] And afterwards to wit, at an adjourned Court of Common Pleas, held at P. for the county of P. aforesaid, on the fourth day of February 1795, before the honorable James Biddle esq. President, and Reynold Keen, esq. his associate, Justices of the same court, the aforesaid, issue so joined between the said parties as aforesaid, came to be tried by a jury of the county aforesaid, for that purpose duly impanneled; that is to say, C. S. &c. good and lawful men of the same county, at which day came there the said H. M. as well as the said R. L. by their respective attorneys aforesaid; and the jurors of the jury aforesaid, impanneled to try the said issue, being called also came, and were then and there in due manner chosen, sworn and affirmed to try the same issue, and upon the trial of that issue, the counsel learned in the law for the said R. L. to maintain and prove the said issue on his part, gave in evidence, that the said R. being indebted on the——day of————1793, to the said H. for divers goods wares and merchandises the value of 382*l.* 19*s.* before that time sold and delivered by the said H. to the said R., he the said R. afterwards to wit, on the fifth day of March 1793, did at the request of the said H. and in consideration of the said debt give his certain promissory note in writing to one Jesse Hollingsworth of the town of Baltimore, in the state of Maryland, for the sum of 800 dollars, in the words following, to wit:

" Baltimore, March 5, 1793.

" Sixty days after date I promise to pay Mr. Jesse Hollingsworth or order, eight hundred dollars, negotiable at the office of Discount. Value received.                                              Richard Lewis."

And which said note-the counsel for the said defendant did then and there insist, before the president and his associate aforesaid, was an extinguishment of so much of the original debt as the amount of the said note.  And the said counsel for the said defendant, further gave in evidence a certain receipt from the said J. H. the attorney in fact, agent or servant of the said H. M. to the said R. L. in the words following, that is to say :

" Baltimore, April 23, 1793.

Received of R. L. sundry merchandises to the amount of 382*l*. 19*s*. on account to H. M. of Philadelphia, being the balance of his account current against the said R. I. in full of all debts, dues and demands.

" Jesse Holingsworth."

Whereupon the counsel for the said defendant, did then and there insist before the president and his associate aforesaid, that the said matters and things so produced and given in evidence on the part of the said defendant as aforesaid, were sufficient and ought to be admitted and allowed as decisive evidence in support of the said plea, and therefore the said H. M. ought to be barred of his aforesaid action, and the said defendant acquitted thereof, and thereupon the said defendant by his counsel aforesaid did then and there pray of the said president and his associate, to admit and allow the said matters and proofs produced and given in evidence for the said defendant, to be conclusive to bar the said H. M. of his action aforesaid.  But to this the counsel learned in the law on behalf of the said H. M. did then and there insist, before the president and his associate aforesaid, that the matters and evidence aforesaid, so produced and proved on the part of the said defendant as aforesaid, were not sufficient, nor ought to be admitted and allowed to bar the said H. M. of his action aforesaid, and that the said note so given as aforesaid, was not an extinguishment of the original contract between the plaintiff and defendant as aforesaid.  And the counsel for the said H. M. · further insisted, that the release or receipt so given as aforesaid, and by the said J. H. as attorney or agent for the said H. M. were not sufficient, nor ought to be admitted or allowed to bar the said H. M. of his action aforesaid; because the same was obtained by false suggestions, misrepresentations and suppressions of the truth in support of

which, and to maintain and prove the said allegations, the counsel learned in the law for the plaintiff, amongst other evidence, did offer to read to the said court and jury as evidence, the deposition of the said Jesse Hollingsworth (having previously executed a release to the said J. H.) taken on the 6th February 1795, before Hilary Baker, esq. one of the aldermen of Philadelphia, under a rule of the same Court of Common Pleas; whereupon the counsel for the said defendant did then and there insist that the said J. H. was not competent witness to support and prove the allegations aforesaid, which objection the court then and there overruled, and admitted the said deposition to be read in evidence. And the counsel for the H. M. in further support of his allegations last aforesaid, offered to be sworn as a witness on his behalf a certain J. J. Mazurie, to testify to the value of a parcel of the goods delivered by the said R. L. to the said J. H. in payment of the debt to the said H. M. which were produced in court, and had formerly been sold by the said J. J. M. to the said R. L., and that the said goods were in the invoice thereof made by the said R. L., and here in court produced, upon his delivering them to the said J. H. in payment of the debt to the said H. M. charged at very exorbitant prices, and he the said J. J. M. had by the advice of a friend in Baltimore, taken for a debt of 2000*l.*, goods which he did not value at more than 700*l.*, he the said J. J. M. leaving it entirely to the said R. L. to put up what he pleased, and at what prices he pleased; whereupon the counsel for the said defendant did then and there object to the said J. J. M. being sworn to testify in the said cause and did insist that the said J. J. M. being a creditor of the said defendant, and having given a similar receipt and discharge to the said defendant, was interested in the question, and so not competent to be sworn in the same cause; and the counsel for the said H. M. did further offer a certain Richard Potter in support of his allegations last aforesaid, to testify that he had received a proposition in a letter or letters from the said defendant, to pay him and his partner in goods; and that their correspondents in Balitmore informed him and his partner by letter, that they believed he could pay, and thereupon he refused to conform to the proposition, and sued for the debt (about 500 dollars) and recovered it, which letters were lost or mislaid; whereupon the counsel for the said defendant did then and there object to the admission of the testimony aforesaid, because the letters referred to should be produced, and not the contents thereof stated by the witness; and because the declarations of the correspondents ought not to be received in evidence; and the said president and his associate

did then and there declare and deliver their opinion, that the note aforesaid was not an extinguishment of any part of the said original contract, and did admit as competent witnesses the said Jesse Hollingsworth, J. J. Mazurie and Richard Potter, to testify as aforesaid (the letters referred to as aforesaid not being produced) and did then and there direct the jurors aforesaid, that if they were satisfied, from a consideration of all the facts and circumstances in the cause, that the transaction was fraudulent, that they should find a verdict for the plaintiff, and if that was not clear, then to find a verdict for the defendant, and with that direction left the same to the said jury; and then and there the jury aforesaid gave their verdict for the said H. M. and 150*l.* damages; whereupon the said counsel for the said defendant, did then and there, in behalf of the said defendant, except to the aforesaid opinions of the said president and his associate, and insisted that the said promissory note was an extinguishment of so much of the original debt as aforesaid, and that the receipt or lease aforesaid, was an absolute bar to the plaintiff's action, and did insist on their objections to the admissibility of the testimony of the said J. H., J. J. M. and R. P. as aforesaid. And inasmuch as the said several matters so produced and given in evidence on the part of the said defendant, and by his counsel aforesaid objected and insisted on as a bar to the action aforesaid, and the testimony so produced as aforesaid on the part of the plaintiff, and objections thereto by the said counsel for the defendant, do not appear by the record of the verdict aforesaid, the said counsel for the defendant did then and there propose the aforesaid exceptions to the opinions of the said president, &c., and requested them to put their seals on this bill of exceptions according to the form of the statute in such case made and provided, on the 31st day of December 1795.

JAMES BIDDLE, [L. S. ]<br>REYNOLD KEEN, [L. S.]

At the last term, Messrs. J. B. M'Kean and S. Levy for the plaintiff in error, took three exceptions.

1st. J. J. Mazurie was an incompetent witness, being a creditor of the defendant, and having given him a similar receipt. The deposition of Jesse Hollingsworth was also improperly admitted: he became the creditor of Manly to the amount of the note, and was therefore interested in the cause.

2d. The note was an extinguishment, so far as its amount went, of the original debt. It effected an entire alteration of the original contract, and changed the remedy against Lewis. Hollingsworth might indorse it over to whom he pleased, and had the sole power

over it. A negotiable note is payment, says Lord Mansfield. 4 Term. Rep. 418. A., being indebted to B., and B. to C., B. gave an order to A. to pay the money due from A. to C., whereupon C. lent B. a further sum, and the order was accepted by A.; held that C. might maintain an action against A. for money had and received. And per Heath, J. in mercantile transactions of this sort, such an undertaking may be construed to make a man liable for money had and received. 4 Term. Rep. 343. H. Bla. 242. S. C. Suppose A. owes B. 100*l.*, and B. owes C. 100*l.*, and the three meet, and it is agreed between them that A. shall pay C. the 100*l.* B's. debt is extinguished and C. may recover that sum against A. 3 Term. Rep. 180.

The drawer of a bill may maintain an action as indorsee on the accepted bill, if he had effects enough in the hands of the acceptor to answer the bill, otherwise not. When a merchant draws a bill on his correspondent, who accepts it, this is payment, for it makes him debtor to another person, who may bring his action. 10 Mod. 37.

A. indebted to B. for rent, B. dies and C. obtains administration. A. gives a note for the rent to C., who afterwards dies intestate. This note is *quasi* a payment, and the rent belongs to the administrator of C., and not to the administrator *de bonis non* of B. 1 Vern. 473.

Hollingsworth swears in his deposition, which is attached to the record, that the note belonged to Manly, though his name was used therein; that Manly delivered it to him, requesting him to try to get one Slaytor, a friend of Lewis's, to endorse it, in order to get it discounted, but Slaytor on application refused; and that when he purchased the goods on Manly's account, (through misrepresentation,) in order to save the debt, he delivered up the note to Lewis.

Now whatever may have been the intention of giving the note, it does not appear on the face of it that Hollingsworth was Manly's agent therein; and being made payable to himself, he must have indorsed it over, before Slaytor's signature thereon could be of any avail. If the note has been delivered up through any unfair conduct in Lewis, trover would lie for it, or Lewis might be sued thereon, and notice been given to him to produce it. The contract on the sale of the goods was determined by Manly's accepting this negotiable instrument, which operated as a virtual payment. In the case of Isaac Watts v. Thomas Willing, determined in this court in 1788, Mr. Willing had become surety in a bond for Colonel William Byrd to the plaintiff; Byrd drew a bill of exchange payable to the plaintiff or order, in London, for part of the money, which

Watts indorsed over, and the same was protested. It was held that the bill of exchange was a good satisfaction, as far as it went.

3. The testimony of Richard Potter was inadmissible. Exclusive of the non-production of the letters, the written ¦assertions of his correspondents, who are merely strangers to the defendant, could not be given in evidence against him. A number of circumstances are brought forward to criminate Lewis, and to substantiate the allegations of Manly, which it was impossible for him to foresee or defend.

Mr. Rawle for the defendant in error, observed, that the great question on the trial was, whether Lewis had not been guilty of fraud, in the transaction respecting the sale of the goods to Hollingsworth, as agent of Manly, in feigning himself insolvent. The jury were fully satisfied therein, and gave Lewis full credit for the true value of the goods delivered by him. In matters of fraud thus ascertained, this court will not now unravel the evidence.

It is now no longer an exception to the competency of a witness, that he is interested in the question trying. It goes merely to his credit. But neither Mazurie, nor Hollingsworth were even concerned in the question before the jury.

A cerditor's acceptance of a security of equal degree to his first demand, is no extinguishment. 2 Bac. Ab. 452. Neither a stated account, nor promissory note can be pleaded to a suit for goods sold. 1 Burr. 9. It is not denied, but that notes and and acceptances averred to have been taken in satisfaction for debts, and so confessed by a demurrer, may be construed as extinguishments of the same; yet if they are pleaded, and put in issue as satisfactions, they must be so proved in evidence.

Hollingsworth had no interest or concern in the note, his name was barely made use of, to procure a discount upon Slaytor's indorsement. The note was swept away by the subsequent fraud of Lewis, in pretending that unless the goods were taken at his own prices, Manly would lose his debt. If the present action had been brought before the note become payable, it might possibly furnish a ground of defence. All acts, as well judicial as others, mixed with fraud, are unlawful and void. 3 Co. 78, a. 2 Bac. 596, 601. A conveyance by deed and fine, gained indirectly and without consideration, was relieved against. 2 Vern. 307.

Potter could not produce the letters received from his correspondents in Baltimore, being lost or mislaid. The account he gave of them was merely introductory; they showed the rea-

sons why he rejected the propositions which had been made to the company, and brought a suit.   Indeed, what was said on this subject was very trifling, and is to be found in the bill of exceptions.

The opinion of the court was given by this term.   The first exception founded on the admission of Jesse Hollingsworth, (who had a release from the plaintiff below,) and J. J. Mazurie, as witnesses on the trial, was in some measure relinquished on the argument. It is now settled, that to exclude a witness on the ground of interest, he must have a certain not a possible benefit in the event of the suit. 1 Term Rep. 164. 3 Term Rep. 32, 34, 36, 309, 310. 4 Term Rep. 20. H. Bla. 308. 7. Ves. 61.   The point has been frequently determined in this court.

The second exception is, that the negotiable note given by the plaintiff in error to Hollingsworth, was an extinguishment, of the original debt, *pro tanto*.  But it appears on the face of the note, that it was given for the purpose of procuring it to be discounted at the bank of Maryland; and also from the record, that the note was taken in the name of Hollingsworth, as the mere agent of Manly, in order to procure the indorsement of one Slaytor thereon, previous to its being discounted.  Hollingsworth had not the smallest interest in the note, and the discount was not effected.   It was afterwards surrendered up to Lewis, on the delivery of goods charged at exorbitant prices by him to the agent of Manly, and that transaction was grounded on the assumed character and fraudulent pretext of Lewis's insolvency.   Under these circumstances, we cannot conceive that the note was an extinguishment.   Vide 5 Trem Rep. 516.

The last exception relates to the receiving of Richard Potter as a witness, to prove the contents of letters received from his correspondents in Baltimore, respecting the solvency of Lewis, which were lost or mislaid.   If this testimony was produced as independent, material evidence, to establish a fraud preconcerted by Lewis, we should clearly think it was inadmissible. · The written or verbal declarations of these correspondents could not be received as proof of the fraud.   It was *res inter alios acta*.   But if it was regarded as mere introductory evidence, to show the reasons of Potter's conduct in refusing the profferd composition of Lewis for the demand of the company, we conceive, that it would be admissible in this light. From the penning of the bill of exceptions, the court are inclined to consider it in the latter view.   One of the objections taken is, that the original letters should be produced, and that the contents thereof

should not be stated by the witness. But if these letters were lost or mislaid, it was out of the power of the witness to produce them; and the case would therefore fall within the well known exception to the general rule, of recurring to inferior evidence, *ex necessitate rei.*

On the whole, the point of fraud in the transaction having been fairly left to the jury on all the facts and circumstances, and they having been fully satisfied of that fraud, we are of opinion that the judgment of the Common Pleas be affirmed.