## Hays *against* M'Clurg.

If a negotiable note be given for goods which had been previously purchased and charged to the purchaser, a recovery cannot be had in an action on the original contract without producing the note, or satisfactorily accounting for its absence or proving its loss.

ERROR to the district court of *Alleghany* county.

Alexander M'Clurg against William H. Hays, David Adams, John Feehan, James Taylor, Thomas Taylor and Samual K. Page. *Assumpsit* on book account. All the facts of this case, and the question which arose, are fully stated in the opinion of the court.

*Fetterman*, for plaintiff in error.
*Burke*, contra.

The opinion of the Court was delivered by

Huston, J.—The only point argued in this court will appear by the following statement. Alexander M'Clurg, as appeared by his books, on the 20th of August 1825, sold to the defendants, then doing business under the name of the Pittsburgh Iron Manufacturing Company, goods to the amount of 770 dollars 50 cents. For this amount the defendants gave their note to M'Clurg & King, payable at six months; and their note was credited in their books. M'Clurg & King were partners in a dry good store; and it was proved that the note was made payable to M'Clurg & King, because M'Clurg was about moving to Philadelphia, that Mr King might negotiate the note more conveniently.

S. K. Page was bound by the note as one of the partners of the company; but he was a member of another firm, called S. K. Page & Co. In this capacity he gave a written guarantee on the note above mentioned, and also on another note to M'Clurg & King. This was done at the time the notes were given.

To April 1826, No. 146, M'Clurg & King brought suit on these guarantees against S. K. Page & Co., and on the 30th of November 1829 recovered judgment. This judgment still remains unsatisfied. S. K. Page and his partner have removed to Louisville.

The defendants objected to a recovery in this suit, which was brought on the original account, unless the note, which was a negotiable note, was produced, to be given up and cancelled.

Mr Burke, the counsel of the plaintiff, testified, that the note and guarantee were in his hands at the time of the recovery of judgment on the guarantee, on suit No. 146 of April 1826, but that, by the direction of his client, he had sent them, a *considerable time since*,

[Hays v. M'Clurg.]

to Louisville, Kentucky, with a copy of the record of the judgment, in order that S. K. Page might be sued on the judgment there. He had not understood that the debt had been secured there, and had not seen the note since he sent it there.

The court charged the jury that the plaintiff could recover if certain facts, not necessary to be stated here, were found by the jury, " provided the jury believed the note given remained unpaid, and the plaintiff has sufficiently accounted for the non production of it. The counsel stated what had become of these notes, and I think, satisfactorily."

The defendants now insist, that as these notes were negotiable, if they have been passed away, they may be compelled to pay again to the holder after a recovery against them here. That if the plaintiff has passed them for full value, his debt is paid, and he cannot recover on the account. That the account given of them is most unsatisfactory—" a considerable time since" being very vague ; and that they have been under the control of the plaintiff since they left Mr Burke's hands. And in fine, that after receiving a negotiable note, the plaintiff can recover on the original account, only by proving the note lost, or by producing it to be given up on recovering here.

There has been, and still is, some diversity of opinion in the different states of this government, as to the effect on the original contract, of taking a note at the time of the purchase, for the price of the articles purchased. In Massachusets, a negotiable note given for a simple contract debt, seems to extinguish the action on the simple contract, whether prior to giving the note, or contracted at the time the note was given, unless, by the agreement of the parties, it was not to be an extinguishment : *prima facie*, it extinguishes the original simple contract; but this may be otherwise, by express agreement. Wiseman *v.* Lyman, 7 *Mass. Rep.* 286 ; Maneely *v.* M'Gee, 6 *Mass. Rep.* 143; Young *v.* Adams, *Ibid.* 182 ; Ellis *v.* Wild, *Ibid.* 321 ; Gloucester Bank *v.* Salem Bank, 17 *Mass. Rep.* 27, 33, and *e contra.*

In New York it seems to be settled that a promissory note given at the time of the purchase of the goods, or afterwards, whether it be the note of the buyer or of a third person, does not destroy the right of action on the original contract, unless, by the agreement of the parties, the giving the note was to be an absolute satisfaction, or unless the note is unavailable from laches of the holder. There too, the express agreement of the parties will make the giving and accepting a note a satisfaction, or it may be *inferred* from the circumstances of the transaction, though nothing is *expressly* said about it. Shermerhorne *v.* Lewis, 7 *Johns.* 311 ; Johnson *v.* Wood, 9 *Johns.* 310; 8 *Cowen* 78.

In Pennsylvania the law seems to be settled, that the buyer's giving a promissory note, for goods purchased at or before the date of the note, is not an extinguishment of the original contract, unless it has been agreed to be so ; so also, if a debtor assign the bond of

[Hays v. M'Clurg.]

a third person, and a receipt for the bond is given, which shows it to have been intended as payment, parol evidence is admissible to prove that it was only given and accepted as collateral security. Leas *v.* James, 10 *Serg. & Rawle* 307; Hart *v.* Boller, 15 *Serg. & Rawle* 162; Wolf *v.* Wyeth, 11 *Serg. & Rawle* 149.

It is apparent that the present question, viz., whether, in a suit on the original contract, it is necessary to produce the note, cannot arise, ordinarily, in Massachusetts, but is very important in New York and this state. If the plaintiff in a suit on the original contract has received a negotiable note, and passed it for full value, he is paid his debt, and the holder of the note, and he only, can resort to the maker. If, however, a creditor take a note and indorse it, and has it discounted in bank, but the maker does not pay, and it is protested, and the creditor takes it up as indorser, he may sue the debtor on the original contract, for this is not such parting with the note as will make it an extinguishment of the original debt. Kean et al. *v.* Dufresne, 3 *Serg. & Rawle* 233; Lewis *v.* Manly, 2 *Yeates* 200.

If, however, the note of a third person is given for a precedent debt, and, through the negligence of the holder, the note is not presented or collected, I apprehend the original debt is extinct; for it would have been paid but for the negligence or indulgence of the creditor, which, in such case, he had no right to give at the expense of a third person.

In New York we find a series of cases, from 1 *Johns.* 34 to 8 *Cowen* 78, all agreeing, that where a negotiable note has been given for a simple contract debt, and the debtor is sued on the original debt, the note must be produced at the trial, to be cancelled or given up, on recovering on the original contract; or it must be proved to have been lost or destroyed; and so it seems to have been considered in United States *v.* Parker, 1 *Peters's Rep.* 267.

Where the plaintiff in a cause is of such character and standing in society that the minds of those who know him are shocked and revolt at the idea of his suing to recover on an original contract, after having received value on the note and passed it away, (as was probably the case here) the court may feel satisfied with almost any reason given for not producing the note, or even with a promise of such a plaintiff to give it up; but the court cannot safely lay down a rule of law in such a case which is to govern in other cases, where they do not know the plaintiff, or, if they do know him, do not know much good of him. It will not do in such a case as this to let the cause turn on the character of a plaintiff, or on the opinion which the court or jury may have of it. General rules which will decide all causes in the same way, without regard to circumstances, are not productive of justice; but general rules which require that a man of the highest character shall transact his business in the same manner, and in court shall exhibit the same evidence of his right to recover as would be required from men less known, are necessary,

[Hays v. M'Clurg.]

and must be established and adhered to.   In point of fact, the account given of this note, amounted to giving no account of it ; *a considerable time since,* may be several weeks or several years since ; sending it to another agent or attorney of the plaintiff, was returning it to the plaintiff ; and it would not be in the ordinary course of events, that the attorney who thus sent it, should ever inquire or know what became of it ; and he, in this case, had not inquired and did not know.   In such case the plaintiff, or some subsequent agent, should have been examined ; and if the note is in the power of the plaintiff, it should have been produced ; if lost, its loss should have been proved.

Judgment reversed, and a *venire de novo* awarded.