WILLIAM SMITH, Respondent, v. JEROME HARPER, and THADDEUS HARPER, Appellants.

Where the holder of a note accepts a draft or check in payment, he is not bound to give up the note before payment of the draft or check.

The substitution of a new security will discharge an indorser.

The surrender of a note is *prima facie* evidence of its payment.

But where a note was delivered to the maker long before it became due, upon his giving the holder an order on the indorsers, which was dishonored, and thereupon it was returned to the holder, it did not operate as a payment.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

The facts material to the points decided, appear in the opinion of the Court.

*Jo. G. Baldwin* and *Edward Stanly*, for Appellants.

Cited Burton v. Stewart, 3 Wendell, 238. Lewis v. Cosgrove, 2 Taunt., 2. Legget v. Cooper, 2 Stark., N. P. R., 93. Fisher v. Saunders, 1 Campb., 190. Barnett v. Stanton, 2 Ala., 189. 9 Ib., 452. 3 Stew., 168. 4 Esp., 95. Story on Bills, p. 539, § 419. Chitty on Cont., 667. Hunt v. Lynch, 5 East., 449. 4 Barn. and Ald., 387. 8

42

Pick., 122.　10 Ib., 522.　11 Ib:, 125.　12 Ib , 268.　15 Johns., 224. 1 Port., 423.　7 J. J. Marsh., 272.　9 Johns., 310.　3 Call., 234.　2 Yeates, 370.　4 Ves., 555.　3 Nev. and Man., 167.　5 Esp., 121.　2 Bos. and Pul., 518.　4 Bing., 464.　5 Ib., 485.　1 Watts and Serg., 92.　1 Hall, 56.　14 Mees and W., 579.　Smith's Mer. Law, 582. Burge on Suretyship, 215.　2 Gr. Ev., §§ 202, 519, 520, 523,　3 Kent's Com., 81.

*Thomas C Hambly*, for Respondent.
No brief on file.

Murray, C. J., delivered the opinion of the Court. Heydenfeldt, J., concurred.

Where the holder of a note accepts a draft or check in payment, it has usually been held, that he is not bound to give up the note before payment of the draft or check, and if he does so, the indorsers are discharged thereby. The reason of this rule is said to be, that the indorsers are entitled to have the note immediately paid in cash; and if the holder receives notes of a banker, or bills of exchange, he gives credit for the time to the maker, *pro tanto*, and this he is not at liberty to do at the risk of the indorsers.

It has also been held, that the substitution of a new security would discharge the indorsers. The present case does not come within the rule. The record shows, that long before the note became due, the maker obtained the same by giving the payee an order on the indorsers, which was dishonored, and immediately the payee demanded and received back the note, which was afterwards regularly presented and protested for non-payment.

How have the indorsers been injured by this transaction? or, to what new risk have they been subjected ? Certainly none. Their liability had not attached at the time, and no prejudice could possibly come of it. It is said that the surrender of this note is *prima facie* evidence of its payment. This presumption is rebutted by the testimony, and the verdict of the jury is conclusive upon this point, as well as the question, whether the plaintiff accepted the order upon the indorsees, in payment or discharge of the debt. See 9 Johnson, p. 310.

The instructions may not be technically correct, but the questions upon which the case turns, seem to have been fairly put to the jury, and we think their verd'ct is sustained by the testimony.

Judgment affirmed with costs.