## Jones v. Edwards.

1. VERDICT: It is not usual for courts to disturb the verdict of a jury, because it is against the weight of evidence, when there is any evidence to support it.

2. FRAUD IN SALE: It is fraud in a vendor of a horse not to acquaint a vendee, when negotiating for the purchase, of facts affecting the value of the animal, which, if known to him, would prevent the vendee from buying.

This was a petition in error to review a judgment rendered, upon a verdict, by the District Court for Otoe county. The facts sufficiently appear in the opinion of the court.

*I. N. Shambaugh*, for plaintiff in error.

*Calhoun* and *Croxton*, for defendant in error.

CROUNSE, J.

It is not usual for courts to disturb the verdict of a jury because it is against the weight of evidence, where there is any evidence to support it. We see no occasion to do so in this case.

The action was brought in the District Court by Jones against Edwards, to recover damages, because of fraud practiced in the sale of a horse. The defendant, with the cunning not unfrequently introdued into this class of transactions, seems to have provided against much evidence being brought against him. Still, enough appears to warrant the verdict.

In the November previous to the sale, Edwards traded for the horse. He was then afflicted with sweany, stiffness of the neck, and other ailments. Edwards cut some cords about the nose and neck, and turned the horse out in the yard, relieved from work. In March, Jones came along

JONES *v.* EDWARDS.

wishing to purchase a team suitable for farm purposes. His business being known to Edwards, the latter represented that he had just the team. He hitched up the pair, the doctored horse being one, and in driving Jones about was careful not to trot them. He assured Jones that they were "sound as far as he knew;" "he would not warrant them sound—he never warranted the soundness of a horse, because he could not always know whether a horse was sound or not." Not a word appears to have been said, to acquaint Jones of the former ailment and treatment of the horse. Relying on Edwards' representations, Jones took the team. Upon trotting and working him, this horse disclosed a difficulty in breathing, and after working some three weeks to plough ten acres, he ceased breathing entirely. The jury on the trial below said there was fraud, and I think they were quite right. Fair dealing would have called upon Edwards to acquaint Jones of those facts which were calculated to affect the value of the horse, a knowledge of which would very likely have determined him not to purchase.

The judgment, although somewhat informal, is good, and must stand.

Judgment affirmed.