JOHN M. YOUNG, JAMES O. YOUNG, CYRUS CARTER, JOHN McKESSON, JOHN MORRIS, H. E. NEEDHAM AND JAMES M. RIDDLE, PLAINTIFFS IN ERROR, v. JOHN A. T. HIBBS, DEFENDANT IN ERROR.

1. **Promissory Notes.** A note taken for a pre-existing debt will not discharge the original cause of action, unless it is by express agreement taken in payment of such prior debt and at the risk of the creditor.

2. ———: EVIDENCE. When the original debt is sued on, the plaintiff must produce the new note on the trial, or satisfactorily show that it is lost or destroyed.

3. **Practice:** CREDIBILITY OF WITNESSES. In case of conflict of testimony the jury must judge of the credibility of witnesses, and determine the weight due to that of each witness.

ERROR from the district court for Lancaster county. Tried below before WEAVER, J. It was an action

brought by the defendant in error against the plaintiffs in error, in the probate court of Lancaster county, to recover of the plaintiffs in error the sum of $300, and interest, on a promissory note, dated November 18, 1869. The defendant in error there had judgment; plaintiffs in error appealed to the district court.

The defendants answered separately—John M. and James O. Young, Cyrus Carter, and John M. McKesson plead as first defense, usury; and as a second defense, that defendant in error, at the time the note in controversy was due, took as payment therefor notes of plaintiffs in error— Cyrus Carter, John M. McKesson, and James O. Young, and further answered that James O. Young had paid $170 on the note in suit.

James M. Riddle plead in one defense, usury, and in another, that for a valuable consideration he was released from any and all liability on the note.

John Morris and H. E. Needham did not answer. The defendant in error, to these several answers, filed replies denying generally all the allegations in the answers.

There was a trial and upon the evidence adduced the jury returned a verdict in favor of Hibbs.   Motion for a new trial overruled.   Judgment upon the verdict, and cause brought here by petition in error.

*A. C. Ricketts*, for plaintiffs in error.

It is one of the cardinal principles of a right to recover upon an original indebtedness or note — that the note or renewal should be surrendered for cancellation or shown to have been lost—wherefore the verdict must have been for the defendants had the resisted evidence been excluded. Story on Promissory Notes, section 104.   *Holmes v. D'Camp*, 1 Johns., 34.   *Burdick v. Green*, 15 Johns., 247.   *Smith v. Rogers et al.*, 17 Johns., 340.   *Hughes v. Wheeler*, 8 Cow., 77.   *Dayton v. Trull*, 23 Wend., 345.

The evidence shows that Carter, McKesson and J. O. Young were primarily liable on this note; that Hibbs knew this fact. It was the understanding of Carter, McKesson, J. O. Young and Riddle, that Hibbs agreed to accept the new notes as payment. That Hibbs carried new notes which he had made out to those parties to be executed. That he told McKesson that he was to take Carter, and was willing to give him time. That at the maturity of these new notes, he made out other new notes to be executed by same parties. That during a period of about three years he thought these parties ought to pay this debt, and he tried to get it from them. During all this time he never mentioned the indebtedness to the other original parties.

As to the question of usury, Carter was instructed to borrow this money at 24 per cent. Carter, McKesson, Riddle and J. O. Young all agree that they only received in money on the note in suit its face less 24 per cent. Hibbs, being the only witness testifying to the contrary, has not a very distinct memory on this point. His answers are not direct but invariably evasive. If the note was usurious, then the verdict should have been for $241.93. If not usurious, then $300, with interest at 12 per cent, from November 18, 1870.

It is true that courts are reluctant to disturb the verdict of a jury; but they will nevertheless set aside the verdict, and grant a new trial, when it is against the clear weight and preponderance of testimony, as the record of this case shows. Hilliard on New Trials, 444, and authorities there cited. *Ide v. Churchill*, 14 O. S., 372. *Southworth v. Hoag*, 42 Ill., 446.

*C. C. Burr*, for defendant in error.

The instructions given, on behalf of defendant in error, by the court below, were properly given. The accept-

ance of a note for another note is not a discharge or payment of the first note without an agreement that it shall be so, or unless such appears to be the intention of the parties. *Gordon v. Price*, 10 Iredell, 385. *Bank of Commonwealth v. Letcher*, 3 J. J. Marsh, 195. *Morgan v. Bitzenberger*, 3 Gill, 350. *Smith v. Harper*, 5 Cal., 329. 2 Parsons on Notes and Bills, 205 and 206. 2 American Leading Cases (5th ed.), 263 to 274, and numerous cases cited. *Olcutt v. Rathbone*, 5 Wend., 490. *Kean v. Dufresne*, 3 Serg. & Rawle, 233.

GANTT, J.

It appears that after the note sued on in this action became due, three of the makers thereof made and gave to the payee other notes for the same debt—the payee retaining the original note; and in the second count of the separate answer of John M. Young, James O. Young and C. Carter, it is alleged that the defendant in error agreed to and did receive and accept these new notes in full payment and satisfaction of the note in suit. It is also alleged that the note sued on was given upon an usurious contract. In his reply the defendant in error denies these allegations. The evidence offered at the trial upon these issues was submitted to the jury to find the facts. It is now contended that the court erred in giving to the jury the following instructions, asked by the defendant in error:

"1. Although you may find that defendants have executed notes, and delivered them to the plaintiff, in renewal of the note sued on in this action, yet if you further find that the notes so given in renewal have been destroyed, surrendered with the knowledge of defendants, or either of them, you will find for plaintiff, unless you further find that the renewal notes were received in payment of the note in suit. 2. If the jury find from the evidence that the defendants did give notes in lieu

of the note sued on you will find for plaintiff, if you further find that the note or notes given in renewal of the note sued on, were either returned to the defendants or destroyed, unless you further find that the renewal notes were received in payment of this note."

Now whether the defendant in error did accept or not the new notes in payment of the one sued on, is a question of fact, which it was the province of the jury to determine from the evidence offered on the trial; and we think these instructions fairly submitted that question to the jury.

The rule of law seems to be well settled that a note given for a pre-existing debt will not discharge the original cause of action, unless it is by special contract taken in payment of such prior debt and at the risk of the creditor. It is said "that no principle of law is better settled than taking a note, either from one of several debtors, or from a third person, for a pre-existing debt is no payment, unless it be expressly agreed to be taken as payment, and at the risk of the creditor." *Milden v. Whitlock*, 1 Cow., 306. "And most clearly all the authorities go to show that, at law, accepting of a security of equal degree, either from the debtor himself with or without surety, or from a stranger alone, at the instance of the debtor, is no extinguishment of the first debt," and therefore the giving of a new note for the same debt, without an express agreement that it shall be in payment and satisfaction of the old one, has ever been considered a mere collateral security, which does not affect or alter the original liability of the parties on the old note in any respect whatever. *Weakley v. Bell*, 9 Watts, 273. 1 Burr, 9. 1 Strang., 427. 1 Mod., 225. *Day v. Leal*, 14 Johns., 404. *Ripley v. Greenleaf*, 2 Vt., 129. *Nicholson v. Leavitt*, 4 Sandf., 308. *Smith v. Harper*, 5 Cal., 329. *Gordon v. Price*, 10 Ired., 385. 2 Am. Leading Cases, (5th ed.,) 263.

Again it is contended that the court erred in refusing to give the jury certain instructions requested by the plaintiffs in error. But in respect to this alleged ground of error, it need only be remarked that, as the propositions contained in these instructions are precisely the converse of the instructions given as above stated, the court properly refused to give them to the jury, for, according to the law as above stated, it would have been error to have given these instructions.

Again, there was no error in admitting evidence as to what became of the new notes, for on the trial of the cause, it was necessary for the defendant in error to produce these notes, or satisfactorily show they were destroyed or lost. *Hughes v. Wheeler*, 8 Cow., 80. *Hays v. M'Clurg*, 4 Watts, 452.

The only testimony we find bearing directly on the question of a usurious contract in the execution of the note sued on, is that of the plaintiff in error, C. Carter, and the defendant in error, and their testimony upon this question is very conflicting. In such case, the rule seems to be that the "jurors are the unfettered and final judges" of the credibility of the witnesses, and therefore the whole testimony in conflict is, generally, referrable to the jury to determine the weight due to that of each witness. *Heister v. Lynch*, 1 Yeates, 108. *Fehl v. Goods*, 2 Binn., 495. *Winchell v. Latham*, 6 Cow., 682. *Ackley v. Kellogg*, 8 Cow., 223. *Sprague v. Mitchell*, 1 Chitty Rep., 271. *Bucklin v. Thompson*, 1 J. J. Marsh, 223. *Jackson ex dem, Fowler v. Loomis*, 12 Wend., 27. *Doe ex dem, Jones v. Fulgham*, 2 Murph., 364. And it is said that "a mere difference of opinion between the reviewing court and the court below, as to the weight of evidence, ought never, for the most obvious reasons, be deemed sufficient to reverse a judgment." *Ide v. Churchill*, 14 Ohio State, 377. *Jones v. Edwards*, 1 Neb., 170. The preponderance of evi-

dence against the finding must be clear, obvious and decided to justify such interference. We do not find it so in this case, and therefore the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.