## THE BANK OF HAMILTON, PLAINTIFF, *v.* WILLIAM MUDGETT, DEFENDANT.

*Payment — when the receipt of a new note from a debtor operates as a payment of an overdue one for the same amount then surrendered.*

October 2, 1876, the plaintiff, a bank, discounted a note for $10,000, made by a manufacturing corporation organized under the general act of this State, to the order of and indorsed by four persons, payable four months after date. Thereafter another note for the same amount, dated on the day the first fell due, was drawn by the corporation payable to, and indorsed by, the same persons in four months after date, and was discounted by the plaintiff, the proceeds of the discount being applied to take up the first note which was returned to the makers. At the maturity of the second note a third note, similar to the first two, was made, indorsed and discounted and the second note returned to the company. A judgment was thereafter recovered by the plaintiff in an action brought upon the third note against the company. The plaintiff also claimed by virtue of the third note a benefit secured by a mortgage, executed by one of the payees, which covered the third but not the first note, and also claimed under the third note in an action brought against the stockholders of the company.

In this action, brought against a trustee of the company for a failure to file an annual report, it was necessary for the plaintiff to prove that it was a creditor of the company prior to January, 1877.

*Held*, that the question whether the plaintiff as well as the company did not intend that the first note, and the debt thereby created, should be paid and extinguished by the subsequent ones should have been left to the jury, and that the court erred in refusing to submit it to them.

MOTION by the defendant for a new trial, on exceptions taken at the Monroe Circuit, and ordered to be heard at the General Term in the first instance, after a verdict had been directed in favor of the plaintiff.

*Edward C. James*, for the plaintiff.

*J. Breck Perkins*, for the defendant.

SMITH, P. J.:

Action to charge the defendant, as a trustee of the Rochester Iron Manufacturing Company, a manufacturing corporation organized under chapter 40 of the Laws of 1848, with a debt of the company for failure to make the annual report, as required by the twelfth section of the act.

The corporation was formed in 1868. It carried on business until February, 1878, when it went into the hands of a receiver, by reason of insolvency. The defendant was one of the trustees of the corporation during the years 1874, 1875 and 1876, and was elected a trustee for the year 1877, but he refused to serve. No annual report was made by the trustees of said company in 1874, 1875 or 1876, as required by section 12 of the act. A report for the year 1876 was made in January, 1877, which the defendant signed.

The plaintiff is a banking corporation, created by the laws of the Dominion of Canada, in the corporate name of the "Bank of Hamilton," doing business at Hamilton, Canada.

On the 2d of October, 1876, the Iron Company made its promissory note in writing, dated that day, for $10,000, payable four months after date to the order of Ezra Jones, B. Spencer, S. M. Spencer and J. Lord, at the Bank of Hamilton. The note was indorsed by the payees and discounted by said bank, and the Iron Company received the avails thereof and used the same in its business. The note fell due 5th February, 1877, after said report had been made and after the defendant ceased to be a trustee. Another note for the same amount, dated on that day, payable to the order of the same persons in four months, at said bank, was made by the company, indorsed by the payees and discounted by the bank, and the proceeds were credited to the company. The company drew its check on the bank, on the seventeenth of February, for $10,000, and the bank returned to the company the October note and charged the company with the amount of the check. At the maturity of the second note in June a third note for the same amount, like the others in all respects, was signed and indorsed by the same parties, and was discounted by the bank, the proceeds were credited to the company, and the second note was paid by the company's check, which was charged to it on the books of the bank. The third note, not having been paid at maturity, was prosecuted by the bank. Judgment was recovered upon it against the company, and execution was issued thereon and returned *nulla bona*. In May, 1878, the bank recovered a judgment upon said third note against Jones and B. Spencer, two of the indorsers, upon which nothing appears to have been paid.

Lord had executed a mortgage to secure his indorsements, which

covered the note of June, 1877, but not that of October, 1876. The mortgage was foreclosed in an action in which the plaintiff here was one of the plaintiffs, and claimed an interest by reason of the said note which matured in November, 1877. The plaintiff also proved its claim under the judgment recovered on the last note, in an action brought against the stockholders of the iron company, under section 24 of the act of 1848.

The statute requires the annual report to be made in the first twenty days of January in each year, and provides that in case of default all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing and for all that shall be contracted before such report shall be made. (Laws 1848, chap. 40, § 12; amended, Laws 1871, chap. 657; Laws 1875, chap. 510.)

To recover under this statute, it is neeessary to prove a trusteeship, a default, and the existence of a debt contracted during the continuance of such trusteeship and default. (*The Shaler and Hall Quarry Company* v. *Bliss*, 27 N. Y., 297, and cases cited by SELDEN, J., p. 300.) The plaintiff has no debt against the company which was contracted during the trusteeship of the defendant and while the trustees were in default, unless it be the debt growing out of the discount of the note of October, 1876.

The exceptions in the case raise the following questions, among others, to wit: (1.) Did the transactions above stated, which took place between the parties at or soon after the time of the maturity of said note, amount, in law, to a payment and extinguishment of the debt? and (2.) If not, should the question whether the parties in fact intended such payment and extinguishment have been submitted to the jury?

The plaintiff's counsel contends that the transactions of February and June, 1877, did not create a new indebtedness, but were mere renewals of the note of October, 1876, and operated simply as an extension of the period of credit upon the debt thereby contracted, and that there was no question of fact for the jury.

In general, the taking by a creditor of the debtor's note for an existing indebtedness, does not merge or extinguish the indebtedness; the note is simply evidence of the debt, and its operation is only to extend the time of payment. And so successive renewal

notes are simply extensions from date to date of the time of payment. (*The Jagger Iron Company* v. *Walker*, 76 N. Y., 521.) In the case last cited it was held that this rule is not changed by the facts that the first of a series of notes so given was indorsed and procured to be discounted by the creditor, and the succeeding ones were each discounted to raise money to take up the preceding one. No note in the series is a payment of the preceding one, unless there has been a discharge of the creditor as indorser, or unless by the transaction he has obtained a claim against another party. In that case, a manufacturing corporation gave its note for goods purchased, which was indorsed, discounted, and renewed from time to time, the last note taken up by the vendor, action brought thereon and judgment obtained against the corporation. It was held that the indebtedness which arose on the purchase was not merged or paid.

In the present case, however, there was no original indebtedness independently of the notes. The indebtedness had its inception in the discount by the bank of the first note in the series. The bank could not surrender the note and sue upon an independent and prior cause of action. When, therefore, that note was paid, the cause of action based upon it was at an end, and if it was paid by the giving of a new note, the only debt and the only cause of action then exising was that arising upon the new note.

This distinction is recognized in *Slaymaker* v. *Gundacker's Executors* (10 S. & R., 75); *Castleman, Receiver,* v. *Holmes* (4 J. J. Marshall [Ky.], 1; *Bank of United States* v. *Daniel* (12 Peters, 34; *Phœnix Insurance Company* v. *Church* (81 N. Y., 218), and in a note to *Cumber* v. *Wane* (1 Smith's L. Cas.,* 458). And it has been held that in a transaction by a bank substantially like the one in this case, the bank is a holder of the new note, *for value.* (*Bank of Salina* v. *Babcock,* 21 Wend., 499; *Bank of Sandusky* v. *Scoville,* 24 id., 115.)

But notwithstanding the distinction above adverted to, we are inclined to the opinion that in view of the evidence in the present case it cannot be said, as matter of law, that the first note was paid and extinguished, but that the question is one of fact, depending upon the intention of the parties to the transaction. (1 Smith's Lead. Cas., 458.) In *Smith* v. *Harper* (5 Cal., 329), it was held

that the surrender of a note is *prima facie* evidence of its payment. In addition to the surrender of the note we have here the facts that the plaintiff brought suit upon the last note, and prosecuted it to judgment, and claimed an interest, by virtue of it, in the Lord mortgage and in the proceeding against the stockholders of the Iron Company. In view of these facts we think there was a question whether the plaintiff, as well as well as the Iron Company, did not intend a payment and extinguishment of the first note and the debt thereby created, which should have been submitted to the jury.

It follows that the refusal to leave that question to the jury was error, and for that reason there should be a new trial, costs to abide the event.

BARKER, BRADLEY and HAIGHT, JJ., concurred.

New trial ordered, costs to abide the event.