JAMES R. BARNACLE & COMPANY, APPELLEE, V.
MERON A. HENDERSON, APPELLANT, ET AL.

FILED OCTOBER 3, 1894.    No. 5547.

1.  Mechanics' Liens: ACCEPTANCE OF NOTE: WAIVER OF
    LIEN.  When a material-man or laborer takes the promissory
    note, draft, or bill of exchange of the owner for the amount due
    the former from the latter for labor or material furnished for an
    improvement on real estate, there is no conclusive presumption
    of law that such note, draft, or bill of exchange was given or
    accepted in payment and discharge of the debt of which it was
    an evidence, nor does the law presume that such material-man
    or laborer thereby intended to waive his right to a mechanic's
    lien under the statute.

2.  ——: ——: INTENTION TO WAIVE LIEN: QUESTION FOR
    JURY.  In such case, whether a note was so taken and accepted
    in discharge and payment of the debt, and whether the material-
    man or laborer by taking the note intended thereby to waive
    his lien under the statute, are questions of fact to be determined
    from all the facts and circumstances in evidence in the case.

3.  ——: WRITTEN CONTRACT: ACCOUNT OF ITEMS.  Where the
    contract between an owner and a material-man for the erection
    of an improvement upon real estate is in writing, then the filing
    of such contract or a copy thereof with the verified "account of
    items" is essential to invest such material-man with a lien un-
    der the statute.

4.  ——: FORECLOSURE: ORAL CONTRACT: VARIANCE BETWEEN
    AFFIDAVIT AND PETITION: ESTOPPEL.  Where the contract
    between the owner and the material man is verbal, the fact that
    by inadvertence or mistake the material-man alleges in his affi-
    davit, filed with the "account of items" for the purpose of ob-
    taining a lien, that the contract was in writing, does not estop
    him, in a suit to foreclose a lien, from alleging and proving that
    the contract was in fact a verbal one, nor does it render the veri-
    fied "account of items" filed to obtain a lien, incompetent evi-
    dence.

5.  ——: ——: CROSS-PETITION OF CLAIMANT: FAILURE OF
    OWNER TO ANSWER: REVIEW.  A contractor brought suit to
    foreclose a mechanic's lien.  The owner and a number of mate-
    rial-men were made defendants.  One of the material-men filed

an answer in the nature of a cross-petition, claiming a lien upon the premises of the owner for material furnished in the erection of the improvement thereon. To this cross-petition the owner filed no answer. *Held*, That the owner could not be heard to object on appeal to the correctness, except as to the amount of the finding and decree of the district court in favor of such material-man.

APPEAL from the district court of Douglas county. Heard below before DOANE, J.

*Hall, McCulloch & English*, for appellant.

*L. D. Holmes, J. Q. Burgner, Connell & Ives, I. E. Congdon, Montgomery, Charlton & Hall, McClanahan & Gilmore, Parke Godwin*, and *Switzler & McIntosh*, for appellees.

RAGAN, C.

On the 29th day of April, 1890, one J. H. Van Closter was the owner of lot 27, Rees Place Addition to the city of Omaha. While he was the owner of this property he entered into contracts with various persons by which they were to furnish labor or material for the erection of some buildings on said lot. After the improvements had been commenced Van Closter sold and conveyed the property to one Hallett H. Henderson. The material-men and laborers not having been paid in full, one of them, James R. Barnacle & Co., brought this suit against Henderson, Van Closter, and a large number of other persons—most of them being parties who had furnished labor or material towards the erection of the buildings aforesaid—in the district court of Douglas county, for an accounting of the amount due them, Barnacle & Co., under their contract with Van Closter, and to have established by decree of the court a lien under the statute against said lot. While this suit was pending, Hallett H. Henderson sold and conveyed the real estate to one Meron A. Henderson, who, on her own application, was made a party defendant to the action. Find-

ings and decrees were by the district court rendered in favor of a large number of parties to the action, and Meron A. Henderson appeals to this court from the findings and decrees of the district court in favor of the following parties to the suit, namely: James R. Barnacle & Co., Miller & Gunderson, Kennard Glass & Paint Company, B. Melquist, and Milton Rogers & Sons. We will dispose of these in their order.

James R. Barnacle & Co.: The district court found that there was due Barnacle & Co. from Van Closter $898.56, and gave them a lien against the real estate in controversy for that amount. The appellant insists that the amount found due Barnacle & Co. by the district court was $177.98 too large. The facts on which this contention is based are that shortly after Barnacle & Co. began work for Van Closter, the latter gave them his note for $510; this note was paid by Van Closter, except the sum of $177.98, for which amount he gave Barnacle & Co. a renewal note, and the principal and interest of this renewal note is included in the amount found due Barnacle & Co. by the district court. The argument of appellant's counsel is that Van Closter gave the $510 note and Barnacle & Co. received it in absolute payment of that much of the debt owing by Van Closter to Barnacle & Co. for the labor and material furnished by the latter towards the improvement, and that Barnacle & Co., by accepting said note, thereby released their right to a mechanic's lien against the premises to the extent of $510. In *Hoagland v. Lusk*, 33 Neb., 376, it was held: "The acceptance by a material-man of a note and chattel mortgage as collateral security for materials, previously furnished for the erection of a building under a contract with the owner, is not a waiver of the lien of the material-man, unless such was the intention of the parties." When a material-man or laborer takes a promissory note, draft, or bill of exchange of the owner for the amount due the former from the latter for labor or material furnished

for an improvement on real estate there is no conclusive presumption of law that such material-man or laborer accepted such note, draft, or bill of exchange in payment and discharge of the debt of which it was an evidence, nor does the law presume that he thereby intended to waive his right to a material-man or laborer's lien. Whether a note so taken was accepted in discharge and payment of the debt, and whether the material-man or laborer by taking the note intended thereby to waive his lien under the statute, are questions of fact to be determined from all the facts and circumstances in evidence in the case. (Phillips, Mechanics' Liens, secs. 275, 276, and cases there cited; *Young v. Hibbs*, 5 Neb., 433.) In the case at bar the district court, in effect, found that the $510 note was neither given by Van Closter nor accepted by Barnacle & Co. in payment and discharge *pro tanto* of the amount due from the former to the latter; and that Barnacle & Co. in accepting the note did not intend thereby to waive their right to a lien under the statute. The evidence in the record supports this finding of the district court. Its decree in favor of Barnacle & Co. is therefore affirmed.

Miller & Gunderson: The district court found there was due from Van Closter to Miller & Gunderson $1,372.10. The appellant insists that this amount is too large by the amount of $1,000 and interest thereon. This argument is based on two contentions: (1.) That Van Closter gave his note to Miller & Gunderson for $1,000 as part payment of the amount owing to the latter by the former, and that Miller & Gunderson accepted said note in payment and discharge of that much of the debt owing to them from Van Closter, and thereby waived their right to a lien for the amount of the note; and as the amount of the note and interest is included in the amount found due Miller & Gunderson by the district court, that such finding is erroneous to the extent of the $1,000 note and interest. What has been said above under the Barnacle claim disposes of

this first contention.   (2.)  A second contention of the appellant Mrs. Henderson is, in substance, that her grantor, Hallett H. Henderson, prior to the time that he became the owner of the real estate, held a mortgage thereon, and that Van Closter applied to him for an extension of the time of paying such mortgage and for an additional loan of $4,200 to be secured by another mortgage on the real estate; that for the purpose of inducing Henderson to make such extension and additional loan, Van Closter represented to him that Miller & Gunderson had already been paid $1,000 on their contract, and that $2,500 of the $4,200 which Van Closter wished to borrow of Henderson was also to be paid to Miller & Gunderson; that, relying upon these representations of Van Closter, Hallett H. Henderson agreed to extend the time of payment of his first mortgage and advance Van Closter $4,200 more if he would obtain from Miller & Gunderson a receipt or voucher for the $1,000 which Van Closter represented that he had already paid them on their contract, and also a receipt for the $2,500 which Miller & Gunderson were to receive out of the $4,200 loan; and that in pursuance of this agreement Miller & Gunderson executed and delivered to Hallett H. Henderson a written receipt for $2,500 and for the $1,000, or $3,500; and that thereupon Hallett H. Henderson extended the time of payment of his first mortgage against Van Closter and advanced him the further sum of $4,200, $2,500 of which was paid to Miller & Gunderson; and that Miller & Gunderson knew that at the time they signed and delivered the receipt admitting that Van Closter had paid them $3,500, that Hallett H. Henderson relied and acted upon that statement in making the additional loan of $4,200 to Van Closter; that the $1,000 which Van Closter represented he had paid to Miller & Gunderson, and which they acknowledged by their receipt had been paid, was the $1,000 note above referred to, executed by Van Closter to Miller & Gunderson, the amount

of which, with interest, is included in the amount found due Miller & Gunderson by the district court. In brief, the contention of appellant is that Miller & Gunderson having represented to Henderson that the $1,000 note made the subject of their mechanic's lien in this case had been paid to them by Van Closter, and Henderson having relied upon this and advanced Van Closter $4,200 on the property, relying on Miller & Gunderson's statement that the $1,000 had been paid, or that the property was not subject to a mechanic's lien for that amount, that Miller & Gunderson are now estopped from claiming a lien against the property for the amount of the $1,000 and interest which they admitted had been paid, and but for which admission Henderson would not have advanced the $4,200. If the evidence in the record sustained this contention, it would be fatal to the lien of Miller & Gunderson to the extent of the $1,000 and interest thereon. For it is clear that if Miller & Gunderson represented to Hallett H. Henderson that $1,000 of their claim against Van Closter for labor and material for the improvement had been paid and discharged by him, and if Henderson believed and relied upon that statement and was thereby induced to and did thereby make a further loan to Van Closter, secured by a mortgage on the premises, that then Miller & Gunderson would be estopped from afterwards asserting a lien against the premises for the $1,000 which they had represented to Henderson as having been paid, and which representation caused him to change his status. But there is no evidence in the record which shows or tends to show that Henderson either believed the statements made in the receipt or acted upon them. Henderson does not testify in the case. Indeed, the record contains no evidence, unless it be an inference that Henderson did extend the time of payment of the first mortgage he held against Van Closter or make the latter an additional loan of $4.200. Van Closter himself was upon the witness stand, but was not questioned

on the subject. The finding and decree, then, of the district court in favor of Miller & Gunderson and against appellant cannot be disturbed.

Kennard Glass & Paint Company: The correctness of the decree rendered by the district court in favor of the Kennard Glass & Paint Company is assailed here by the appellant on the theory that such finding and decree are not supported by any competent evidence. The Kennard company in its cross-petition alleged that it made a verbal contract with Van Closter to furnish him certain material to be used in the construction of the building that he was erecting on the real estate described herein; that it furnished Van Closter the material as per the verbal contract, and within four months of the date of furnishing the last item of such material it made an itemized account thereof in writing, made oath thereto, and filed the same in the office of the register of deeds of Douglas county. All these allegations of the cross-petition were proved on the trial. But the affidavit attached to the "account of items" filed in the office of the register of deeds recited that the contract between the Kennard company and Van Closter was a written contract, and neither a written contract nor a copy of one was attached to nor filed with the verified "account of items" filed by the Kennard company for the purpose of obtaining the lien. The introduction in evidence of this verified "account of items" or mechanic's lien, so filed with the register of deeds, was objected to by appellant as incompetent. The argument of appellant is that since the Kennard company pleaded in its cross-petition that its contract with Van Closter was a verbal one, that the so-called mechanic's lien filed in the clerk's office was incompetent evidence under the pleading, and that, therefore, the Kennard company not only failed to obtain a lien but failed to prove one. As already stated, the evidence on the trial showed beyond dispute that the contract between the Kennard company and Van Closter was a

verbal one; that the Kennard company furnished the material in pursuance of such contract; that within the time required by the statute they made an account of the items furnished under the contract, duly made oath thereto, and duly filed the same in the proper public office. The evidence further showed affirmatively that the contract between the Kennard company and Van Closter was not a written contract, and that the expression in the affidavit filed with the mechanic's lien, that the contract was a written one, was an oversight or mistake. Now, if the contract made between the Kennard company and Van Closter had been a written one, and neither such contract nor a copy thereof had been filed with the account of items and affidavit filed for the purpose of obtaining the lien, then it is unquestionably true that the failure to file such contract or a copy thereof with the verified " account of items" in the clerk's office would not have invested the material-man with a lien upon the premises. But in a case where the contract between the owner and the material-man is verbal, where the material was furnished in pursuance of such verbal contract, and the material-man, in the time required by the statute, makes an account of the items of the material furnished as required by the statute, and makes oath thereto and files the same in compliance with the law, then the fact that, by inadvertence or mistake, the material-man alleged in his affidavit that the contract was in writing does not estop him in a suit to foreclose the lien from alleging and proving that the contract was in fact a verbal one, nor does it make the verified "account of items" filed to obtain a lien incompetent evidence. The finding and decree of the district court in favor of the Kennard Glass & Paint Company must, therefore, be affirmed.

Melquist: Neither the appellant nor her grantor, Hallett H. Henderson, nor his grantor, Van Closter, filed any answer or other pleading to the cross-petition filed by Mel-

quist for the purpose of foreclosing his alleged mechanic's lien against the Van Closter premises.    The appellant, therefore, cannot be heard to object on appeal to the correctness of the finding and decree of the district court made in favor of Melquist, except as to the amount.    (*Zarrs v. Keck*, 40 Neb., 456.)

Milton Rogers & Sons: These parties filed an answer in the nature of a cross-petition in the suit, in which they allege that there was due them $633.67 and interest thereon from Van Closter for material furnished him by them in pursuance of a written contract between the parties, and which material was used in and about the construction of the building on the premises of Van Closter.    The district court in its decree found that there was due them from Van Closter the sum of $648.41 for materials furnished him in pursuance of the contract pleaded in the cross-petition, and rendered a decree giving Milton Rogers & Sons a lien upon the Van Closter lot.    There is not in this entire record one single word of evidence tending to support this finding and decree of the district court.    It must, therefore, be reversed.    The finding and decree of the district court in favor of Milton Rogers & Sons is reversed and dismissed.

The decree of the district court in all other things is affirmed.

JUDGMENT ACCORDINGLY.