CENTRAL CONSTRUCTION COMPANY, A NEBRASKA CORPORATION, APPELLANT, V. ROBERT K. KEEFER ET AL., APPELLEES.
152 N. W. 2d 117

Filed July 7, 1967. No. 36553.

Abrahams, Kaslow & Cassman, for appellant.

Francis M. Casey and Roger C. Andrews, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action to foreclose a mechanic's lien brought by Central Construction Company, a corporation engaged in the home improvement business. On October 25, 1964, the plaintiff entered into a written contract with the defendants, Robert K. Keefer and Phyllis M. Keefer, to improve a residential property in Plattsmouth, Nebraska.

The October 25, 1964, contract provided that the plaintiff would install aluminum siding on the house, construct a roof extension on the carport, and replace any window casings or sills found to be rotted. The defendants agreed to pay the plaintiff $1,960 plus a "time charge" of $176.40 on December 16, 1965.

On November 11, 1964, while the siding work was being done, the plaintiff entered into a new contract with the defendants. The new contract included the same items as the previous contract and further provided that the plaintiff would construct a separate garage upon the property of the defendants. Under the new contract the defendants agreed to pay $4,260 plus a "time charge" of $383.40 on January 1, 1966. On the reverse side of the defendants' copy of the new contract the following appears: "This contract can be finace (financed) for Five years if want to carry it for five years, the year of 1966, or Pay it cash if want to of Jan 1 - 1966

"This contract Does not mean to be paid in One full Payment in of 1966.

"Joe Dinovo
Witness Steve Grandinette
Sharon Keefer    Witness    Sharon Keefer"
c/o Jerry

Robert K. Keefer testified that the writing on the reverse side of his copy of the contract was placed there by Mr. Dinovo, the plaintiff's agent, before Keefer had signed the contract; that Dinovo's signature was witnessed by Steve Grandinette, his future son-in-law, and Sharon Keefer, the defendants' daughter; that Dinovo had said that the contract could be financed for a 5-year period; and that the plaintiff did its own financing.

Dinovo was deceased at the time of the trial. Grandinette was in the army in Vietnam. Phyllis M. Keefer and the defendants' daughter, now Mrs. Dennis Bohn, both corroborated Robert K. Keefer's testimony concerning the writing on the reverse side of the defendants' copy of the contract.

The writing does not appear on the original copy of the contract produced by the plaintiff. An examination of the exhibits indicates that this is due to the fact that the carbon paper between the copies was not reversed at the time the writing was placed on the reverse side of the defendants' copy.

The siding work and the roof extension on the carport were finished on or about November 15, 1964. At about this time the plaintiff's president told Robert K. Keefer that the plaintiff would not build the garage because Keefer "wasn't financially able to pay for it." This was not agreeable to Keefer and he stated: " 'Well, you had better go ahead and build it.' "

A mechanic's lien with a copy of the October 25, 1964, contract attached was recorded on December 14, 1964. This action was filed on February 7, 1966.

The trial court held that the October 25, 1964, contract was extinguished by merger into the November 11, 1964, contract and could not be the basis for a mechanic's lien, but granted the plaintiff 30 days in which to file an amended petition for an action at law. The plaintiff elected not to proceed further and the action was dismissed. The plaintiff has appealed.

The mechanic's lien in favor of a principal contractor grows out of the contractual relations between the owner of the property improved and the contractor. The right to such a lien is based upon the contract and its purpose is to secure the debt due under the contract. Rust-Owen Lumber Co. v. Holt, 60 Neb. 80, 82 N. W. 112, 83 Am. S. R. 512; Occidental Building & Loan Assn. v. McGrew, 86 Neb. 694, 126 N. W. 382; § 52-101, R. R. S. 1943. When labor or materials have been furnished pursuant to a written contract, the contractor is required to record a copy of the contract with the account. § 52-103, R. R. S. 1943. The recording of a copy of the contract is essential to the lien. Barnacle & Co. v. Henderson, 42 Neb. 169, 60 N. W. 382.

The plaintiff in this case recorded a copy of a contract

that had been superseded by a later contract which had become effective before the initial construction had been completed. The later contract materially changed the obligations of both parties including the time of performance for the defendants.

The trial court concluded that the, parties did not intend that the October 25, 1964, contract should remain effective after the November 11, 1964, contract had been executed and that the, October 25, 1964, contract would not support a claim of lien. We think this conclusion was correct.

The judgment of the district court is affirmed.

AFFIRMED.