*C. Foley*, for appellant.

---

## STOCKTON ET AL. *v.* COLEMAN ET AL.

PRINCIPAL AND SURETY.—*Usury.*—A surety may set up the defence of usury.

APPEAL from the Tippecanoe Common Pleas.

WORDEN, J.—Action by the appellees against the appellants. The complaint was in three paragraphs, counting upon three several promissory notes executed by the defendants to the plaintiffs. The first was for the sum of five hundred and eighty-four dollars and fifty-five cents, dated September 1st, 1869, and payable at sixty days; the second was for the sum of two thousand seven hundred and fifteen dollars and ninety-three cents, dated July 11th, 1869, and payable at six months; the third was for the sum of three thousand two hundred and sixty-seven dollars and fifty cents, dated July 11th, 1869, and payable at six months.

The paragraphs of the complaint were in the order of the notes as above stated. Issue, trial by the court, finding and judgment for the plaintiffs.

Demurrers were sustained respectively to the sixth and seventh paragraphs of the defendants' answer, and they ex-

cepted. These rulings, though not the first assigned for error, present the first questions arising in the record; they will, therefore, be first considered. The sixth paragraph of the answer was pleaded in part to the second paragraph of the complaint. It appears from this paragraph of the answer that on the 11th day of January, 1868, the defendants executed to the plaintiffs a promissory note for the sum of two thousand three hundred and thirty dollars and forty-eight cents, payable at six months. The note thus given has been renewed from time to time, the last renewal being the note described in the second paragraph of the complaint. The note of the 11th of January, 1868, was executed for a debt of James M. Stockton. That indebtedness arose from the loan of money by the plaintiffs to Lawrence B. Stockton and to Martin V. Stockton, at the usurious rates of twenty and twenty-four per cent. per annum, the defendant James M. Stockton being liable for the debts, having executed his notes to the plaintiffs, respectively with the said Lawrence B. and the said Martin V. Stockton. The usury is specifically set out, and the paragraph seeks to make a deduction of the amount of usury that entered into the note of January 11th, 1868, and the question is presented whether this can be done. We have no doubt that it can. The renewal of the note of January 11th, 1868, cannot defeat the defence, for the renewed notes were given for the same debt. The case stands as if the suit were upon the first note executed by the defendants. James M. Stockton must be regarded as the principal, and Joseph S. Stockton as his surety, the note being given for the debt of James M.; and whatever defence the principal can set up, can be set up by the surety. James M. Stockton, while he is principal in the note sued upon, was surety only for Lawrence B. and Martin V. Stockton. But a surety may set up the defence of usury. *Post* v. *Pres.*, etc., *of The Bank of Utica*, 7 Hill, N. Y. 391; *Billington* v. *Wagoner*, 33 N. Y. 31. Our statute on the subject of interest seems to be conclusive of the question. It provides that "all interest exceeding the rate of ten per centum per an-

num shall be deemed usurious and illegal, as to the excess only, and in any action upon a contract affected by such usury, such excess may be recouped by the defendant whenever it has been reserved or paid before the bringing of the suit." 3 Ind. Stat. 317, sec. 2.   This statute, in the language of FRAZER, J., in the case of *Cole* v. *Bansemer*, 26 Ind. 94, "furnishes alike the measure of the debtor's liability, and of the usurious creditor's lawful demand." The demurrer to this paragraph should have been overruled.

The seventh paragraph of the answer, which was in principle the same as the sixth, was pleaded in part to the third paragraph of the complaint. By this paragraph, it appears that on the 11th day of January, 1868, the defendants executed to the plaintiffs a note for the sum of two thousand four hundred and fifty-four dollars and ninety-three cents; that this note was also renewed from time to time, the last renewal being the note described in the third paragraph of the complaint; that this note of January 11th, 1868, was executed for a debt of Joseph S. Stockton, and the debt originated from a loan by the plaintiffs of certain moneys to William S. Stockton at the usurious rate of twenty per cent. per annum, for which money thus loaned, with the usurious interest thereon, the defendant Joseph S. Stockton and one Richard Moore had become bound in a note, with said William S. Stockton, to the plaintiffs; that a large amount of usury entered into the note of January 11th, 1868, which the defendants seek to have deducted from the note described in the third paragraph of the complaint.

The demurrer to this paragraph of the answer should also have been overruled. This error, in respect to the pleadings, renders it unnecessary that we should pass upon questions which arose in the subsequent progress of the cause. Those questions may not again arise.

The judgment below is reversed, with costs, and the cause remanded.

*J. A. Stein, J. R. Coffroth,* and *T. B. Ward,* for appellants.
*W. C. Wilson,* for appellees.