P. D. CHENEY, EXECUTOR, ETC., APPELLANT, V. A. J. DUNLAP ET AL., APPELLEES.

[FILED OCTOBER 1, 1889.]

1. **Usury**: PERSONAL DEFENSE. The defense of usury is personal to the borrower and his sureties and privies.

2. ———: STRANGER TO CONTRACT. A mere purchaser of the equity of redemption, being neither surety nor privy, cannot avail himself of the usurious contract of his grantor to which he is a stranger and plead usury in such contract.

3. **Pleading**: PRESUMPTION. Where there is a failure in an answer to state a material fact — one necessary to show that the defendant is entitled to make a certain defense — the presumption is that such fact does not exist. (*B. & M. R. Co. v. Lancaster Co.*, 4 Neb., 307; *B. & M. R. Co. v. York Co.*, 7 Id., 487.)

APPEAL from the district court for Johnson county. Heard below before APPELGET, J.

*L. C. Chapman*, for appellant:

Defendants Easterday and Pella are strangers to the contract and cannot plead usury. (*Sternberg v. Callanan*, 14 Ia., 255; *Drake v. Chandler*, 18 Gratt. [Va.], 909; *Stephens v. Muir*, 8 Ind., 352; *Huston v. Stringham*, 21 Ia., 36; *Farmers', etc., Bank v. Kimmel*, 1 Mich., 84; *Loomis v. Eaton*, 32 Conn., 550; *Ransom v. Hays*, 39 Mo., 445.) Defendant Dunlap is estopped to set up usury as a defense. (*Mechanics' Bank v. Townsend*, 29 Barb. [N. Y.], 569. See also Colebrooke, Collateral Securities, sec. 138; *Horn v. Cole*, 51 N. H., 287; *Ashton's Appeal*, 73 Pa. St., 153; *Smyth v. Munroe*, 84 N. Y., 354; *Weyh v. Boylan*, 85 N. Y., 394.)

*D. F. Osgood*, for appellee Pella, and *S. P. Davidson*, for appellee Easterday.

26

MAXWELL, J.

On January 9th, 1889, the plaintiff filed a petition in the district court of Johnson county stating his cause of action to be:

That on March 10, 1877, the defendant Andrew J. Dunlap made and delivered to Prentiss D. Cheney his five promissory notes, payable to the order of said Cheney, each for $42, due respectively in one, two, three, four and five years after said date, with twelve per cent interest after maturity.

That before the maturity of any of said notes said Cheney, for a valuable consideration, sold and indorsed the same, without recourse, to Wm. G. Davis, now deceased, who ever since, to the time of his death, was the owner and holder of said notes.

That said Wm. G. Davis died December 25, 1879, leaving a will, wherein said P. D. Cheney was named as his executor; and that he was lawfully appointed executor and letters testamentary issued to him.

That no part of said notes has been paid.

That on March 10, 1877, the said defendant Andrew J. Dunlap and wife, for the purpose of securing the payment of said notes, made and delivered to said Cheney a mortgage on the northeast quarter of section. 14, township 5, range 10 in Johnson county, which mortgage was duly recorded on March 27, 1877.

That W. S. Dunlap, Geo. A. Dunlap, M. V. Easterday, M. J. Easterday, and Wallentine Pella claimed some interest in said mortgaged land.

Plaintiff prays that said mortgage may be foreclosed, the land sold, and proceeds applied to payment of said indebtness, and costs, with attorney's fee.

On February 4, 1889, the defendant Martin V. Easterday filed his separate answer, in which he alleges : That the

only consideration for said notes was usurious interest on a loan of $600, obtained by said A. J. Dunlap from Cheney and one Hankinson, whereon said Dunlap agreed to pay interest at the rate of seventeen per cent per annum; that said loan was made at Tecumseh, Nebraska, through B. F. Perkins, acting as agent for Cheney and Hankinson.

He denies that Davis became the owner of said notes before due, in the usual course of business without notice of usury.

He alleges that the defendant became the owner of said land and has since conveyed it to his co-defendant, Pella. As a second defense Easterday avers that said notes are barred by the statute of limitations, because the owner and holder thereof declared the whole debt due and demanded payment more than ten years prior to the commencement of this action.

On the same day defendants W. S. Dunlap, Geo. A. Dunlap, and M. J. Easterday each filed his separate answer, and disclaimed any interest in said land.

On February 11, 1889, the defendant Wallentine Pella filed his separate answer, setting up a defense as follows: Denies the allegations of petition; alleges that the mortgage sued on was given on a contract between P. D. Cheney and A. J. Dunlap, in which Dunlap applied to B. F. Perkins, agent for said Cheney, and one Hankinson for a loan of $600. Dunlap agreed to pay interest at the rate of seventeen per cent per annum.

That Dunlap executed the mortgage sued on, and also executed a note for $600 to Hankinson, and executed a mortgage on this land to secure the same; that said contract was usurious and unlawful.

As a further defense said Pella claims that said notes are barred by the statute of limitations, because the owner and holder thereof declared the whole debt due and demanded payment more than ten years prior to the commencement of this action.

He also alleges that he purchased the land described without notice of the claim sued on.

The testimony on the part of the plaintiff is directed to the single point of proving that Davis was a *bona fide* purchaser of the notes in question before maturity for a valuable consideration, and therefore was entitled to protection. On the part of the answering defendants, the proof is confined to a single question, viz.: That there was usury in the transaction. That these notes were given for usurious interest is clearly apparent from all the testimony — the plaintiffs' as well as defendants'; but whether the defendants, who have pleaded usury, have shown that they are entitled to make such defense is an important question in the case which both in their briefs and oral arguments they have ignored.

Easterday, in his answer, after stating all the facts relating to usury, alleges that "After the execution of said notes and mortgages, this defendant became the owner of said land and has since conveyed it by warranty deed to his co-defendant, Pella."

The answer of Pella is to the same effect, except that he is still the owner. The plea of usury as a defense is personal to the borrower and his sureties and privies. (*Cramer v. Lepper* 26 O. S., 59; *Pritchett v. Mitchell*, 17 Kas., 355; *Studabaker v. Marquardt*, 55 Ind., 341; *Carmichael v. Bodfish*, 32 Ia., 418; *Mordecai v. Stewart*, 37 Ga., 364; *Loomis v. Eaton*, 32 Conn., 550; *Ransom v. Hays*, 39 Mo., 445; *Stockton v. Coleman*, 39 Ind., 106.)

The answers of the parties named wholly fail to show that they stand in the relation of sureties or privies to the borrower, and therefore that they are entitled to avail themselves of the defense of usury. So far as appears they are mere purchasers of the equity of redemption. Where there is a failure to plead a material fact — one necessary to show a cause of action — the law presumes that it does not exist. (*B. & M. R. Co. v. Lancaster Co.*, 4 Neb., 307; *B. & M. R.*

*Co. v. York Co.*, 7 Id., 487.) Had the plaintiff demurred to each of said answers, therefore the demurrer should have been sustained. The defense, however, fails, not having been interposed by parties entitled to make the same. It is unnecessary to inquire whether or not Davis was a *bona fide* purchaser of the notes in question before due for a valuable consideration, as no one having the right to set up the defense of the usury has attempted to do so. The judgment of the district court is reversed and a decree of foreclosure and sale will be entered in this court.

DECREE ACCORDINGLY.

THE other Judges concur.