THOMAS McKNIGHT, APPELLEE, v. KELSEY PHELPS ET AL., APPELLANTS.

FILED OCTOBER 17, 1893. NO. 4971.

1. **Usury:** EVIDENCE. *Held,* That the proof failed clearly to establish the plea of usury.

2. **Mortgages:** FORECLOSURE: PURCHASER OF EQUITY OF REDEMPTION: RIGHT TO PLEAD USURY. A purchaser of the equity of redemption, being neither surety nor privy, who assumes a mortgage as a part of the purchase price of land, cannot set up the usurious contract of his grantor, and plead usury in such contract.

APPEAL from the district court of Antelope county. Heard below before NORRIS, J.

*Simpson & Sornborger,* for appellants, cited: *Darst v. Backus,* 18 Neb., 233; *Knox v. Williams,* 24 Id., 633.

*N. D. Jackson, contra:*

A purchaser of the equity of redemption who agrees to pay the mortgage indebtedness as part of the purchase price of the premises cannot plead usury as a defense in a foreclosure proceeding. (*Cheney v. Dunlap,* 27 Neb., 405; *Hough v. Horsey,* 36 Md., 181.)

MAXWELL, CH. J.

This is an action to foreclose two mortgages upon the same description of lands. The mortgages were executed by Phelps and wife. The loan was effected and the mortgages executed in 1883. On the 26th of March, 1885, Phelps and wife sold and conveyed the land to M. M. Sornborger, who assumed the mortgage in question. He was made a party, and the seventh paragraph of the petition is as follows: "On March 26, 1885, the defendant Miles M. Sornborger, purchased the above described real estate subject to the mortgages set out in this petition, and as a part of the consideration for such purchase assumed and agreed to pay the amounts secured thereby." Mr. Sornborger did not answer the petition, so those allegations may be taken as true. Phelps and wife were made defendants and answered, pleading usury. No judgment is sought against them, and as they had parted with the equity of redemption they would seem to have been unnecessarily made parties. The court below found there was no usury and rendered judgment for the plaintiff from which an appeal is now taken. The testimony is conflicting upon the questions of usury and in our view there is a failure to establish the same. But even if there was usury, a purchaser of the equity of redemption who assumes the mortgage as a part of the consideration for the land, cannot plead it. This question was fully considered in *Cheney v. Dunlap,* 27 Neb., 401, and it was held that a stranger to the contract, being neither surety nor privy to the usurious contract, cannot

plead usury. That case, in our view, states the law correctly, and will be adhered to. In any view of the case, therefore, the judgment is right and is

AFFIRMED.

THE other judges concur.