RUST-OWEN LUMBER COMPANY, APPELLANTS, V. ANNIE R. HOLT AND ISAAC J. HOLT, APPELLEES.

FILED MARCH 21, 1900. No. 9,184.

1. **Mechanic's Lien:** CONTRACTUAL RELATIONS. A mechanic's lien in favor of a principal contractor grows out of the contractual relations between the owner of the property improved, or his authorized agents, and such principal contractor, and the right thereto is based upon contract and for the purpose of securing debts due thereunder.

2. ———: STATUTE: LAND OF MARRIED WOMAN: CONTRACT WITH HUSBAND. Under our statute, which provides that any person who shall perform any labor or furnish any material for the erection of any dwelling house, by virtue of a contract or agreement, expressed or implied, with the owner thereof, shall have a lien to secure the payment of the same upon such house and the lot of land upon which the same shall stand, a mechanic's lien can not be created upon the land of a married woman for work done or material furnished in improving such lands under a contract with her husband, where the husband acts merely for himself.

3. **Agency of Husband:** QUESTION OF FACT NOT PRESUMED FROM MARITAL RELATION. Whether or not the husband is the agent of the wife, is a question of fact to be determined as other like questions, and will not be presumed from the marital relations alone.

4. ———: WIFE'S KNOWLEDGE: MERE FAILURE TO DISSENT: INTENTION TO BIND HER REAL ESTATE. The mere fact that the wife has knowledge of the construction by her husband of a building on her property does not of itself necessarily establish the agency of her husband with authority to charge such property with a lien for the material used thereon; nor will her mere failure to dissent from the proposed transaction, import an intention to bind her real estate to the payment of the debt.

5. **Family Residence:** WIFE'S LAND: CONSTRUCTION BY HUSBAND. From the occupation by the wife with her husband of a build-

ing as a family residence, constructed by the husband on the wife's land, a conclusive presumption of ratification of the husband's acts does not thereby arise, so as to make effective a mechanic's lien, where none theretofore legally attached. At most, it is only a circumstance, to be considered with other facts and circumstances for the purpose of determining the question of the alleged ratification.

APPEAL from the district court of Gage county. Heard below before LETTON, J. *Affirmed.*

*E. N. Kauffman* and *A. D. McCandless,* for appellants:

When material is furnished for the erection of a dwelling house, upon the separate property of the wife, upon the order or request of the husband, with the wife's knowledge and consent, the material-man ·may have a lien for the material furnished and used in the erection of said dwelling house. *Burdick v. Moon,* 24 Ia., 418; *Rand v. Parker,* 73 Ia., 396; *Kidd v. Wilson,* 23 Ia., 464; *Thompson v. Shepard,* 85 Ind., 352; *North v. La Flesh,* 73 Wis., 520; *Heath v. Solles,* 73 Wis., 217; *Wheaton v. Trimble,* 145 Mass., 345; *Einstein v. Jamison,* 95 Pa. St., 403; *Dearie v. Martin,* 78 Pa. St., 55.

Mrs. Holt ratified the acts of her husband and is now estopped to deny his authority to contract these debts. *Schwartz v. Saunders,* 46 Ill., 18; *Higgins v. Ferguson,* 14 Ill., 269; *Greenleaf v. Beebe,* 80 Ill., 520; *Donaldson v. Holmes,* 23 Ill., 85; *Taylor v. Gilsdorff,* 74 Ill., 354; *Wheeler v. Hall,* 41 Wis., 447; *Wheeler v. Scofield,* 67 N. Y., 311; *Hackett v. Badeau,* 63 N. Y., 476; *Conklin v. Bauer,* 62 N. Y., 620.

*L. W. Colby, contra:*

It is a settled principle that the mechanic's lien is altogether the creature of statute and has no recognition at common law; and in order to entitle a person to a lien every requirement of the statute must be strictly complied with. *Frost v. Ilsley,* 54 Me., 345; *Tilford v.*

**10**

*Wallace*, 3 Watts [Pa.], 141; *Ehlers v. Elder*, 51 Miss., 495; *Childs v. Anderson*, 128 Mass., 108; *Freeman v. Cram*, 3 N. Y., 305; *Copeland v. Kehoe*, 67 Ala., 594; *Barnard v. McKenzie*, 4 Colo., 251; *Wehr v. Shryock*, 55 Md., 334; *Grant v. Vandercook*, 57 Barb. [N. Y.], 165; *Rees v. Ludington*, 13 Wis., 308; *Benton v. Wickwire*, 54 N. Y., 226.

Nebraska statutes require contract with owner. The terms of the statute, being opposed to the common law and to common right, as clearly appears from the numerous authorities cited, must be strictly complied with and should be strictly construed. *Cook v. Heald*, 21 Ill., 425; *Davis v. Livingston*, 29 Cal., 283; *Knapp v. Brown*, 11 Abb. Pr. [N. Y.], n. s., 118; *Miller v. Hollingsworth*, 33 Ia., 224; *Peabody v. Eastern Methodist Society*, 5 Allen [Mass.], 540.

The contract of a husband for materials can not in itself create a mechanic's lien upon the real estate of his wife. *Flannery v. Rohrmayer*, 46 Conn., 558; *Spinning v. Blackburn*, 13 Ohio St., 131; *Wendt v. Martin*, 89 Ill., 139; *Lauer v. Bandow*, 43 Wis., 556; *Ziegler v. Galvin*, 45 Hun [N. Y.], 44; *Kansas City Planing Mill Co. v. Brundage*, 25 Mo. App., 268; *Johnson v. Tutewiler*, 35 Ind., 353; *Copeland v. Kehoe*, 67 Ala., 594; *Barker v. Berry*, 8 Mo. App., 446; *Gilman v. Disbrow*, 45 Conn., 563; *Loomis v. Fry*, 91 Pa. St., 396; *Knott v. Carpenter*, 3 Head [Tenn.], 542; *Miller v. Hollingsworth*, 33 Ia., 224; *Washburn v. Burns*, 34 N. J. Law, 18; *Corning v. Fowler*, 24 Ia., 584; *Barto's Appeal*, 55 Pa. St., 386.

It has been very generally decided that a contract for buildings or improvements can not be implied from the wife's acquiesence in permitting them to be put upon her land on a contract with her husband, and in giving directions how they should be used and such contract be executed. *Fetter v. Wilson*, 12 Ky. [B. Mon.], 90; *Bliss v. Patten*, 5 R. I., 376; Phillips, Mechanics' Liens, sec. 101.

HOLCOMB, J.

The plaintiff, appellant, began an action in the court below, against Annie R. Holt, appellee, on an account, under a verbal contract alleged to have been entered into with Isaac J. Holt, her husband, acting as her agent, for lumber and material sold for the erection of a dwelling house on the wife's land; and sought to have a mechanic's lien decreed on the premises on which the building was erected. The husband was joined as defendant, as well as the cross-petitioner, Label, who sought to establish a like lien for a small bill of hardware—about $16—for the same building. The court found generally for the defendants Holt, and dismissed the action. From this judgment the plaintiffs and the cross-petitioner, Label, appeal to this court.

The wife was the owner of the property, an unimproved lot in the village of Wymore, upon which the building was erected, her title being evidenced by a deed duly recorded. She testified that she purchased the property with her own money, paying $100 in cash, and securing the remainder of the purchase price, $200 by a mortgage on the premises. The only substantial point of controversy is the agency or authority of the husband to charge the wife's real estate with the liens sought to be enforced.

It does not appear from the evidence whether the plaintiff relied upon its supposed right to a mechanic's lien upon the assumption that the husband owned the property, nor does it appear that any effort upon its part was made to ascertain in whom the legal title thereto rested. The original estimate introduced in evidence, among other things, says: "I have this day purchased of Rust Owen Lumber Co., the following bill of goods to be used on my lots in the erection of a building for dwelling house and for which I agree to pay $225 cash." This is signed by the husband individually, and without reference to the wife or her interest in the lots she then

owned. We think it is quite satisfactorily established by the evidence that the material was in the first instance sold to the husband on his personal account, and not as the agent of his wife. It can not be said that the husband had any express authority to obligate his wife to the payment of the account, or to charge her real estate with a lien for the improvements made by him thereon. Under the pleadings, unless an agency, express or implied, may be inferred from the facts and circumstances surrounding the transactions, the plaintiff is without a remedy as against the wife or her real property, which is sought to be charged with the lien.

It is said in *Copeland v. Kehoe*, 67 Ala., 594, 597: "A builder's or mechanic's lien is purely statutory. Its character, operation and extent must be ascertained by the terms of the statute creating and defining it. Of itself, it is a peculiar, particular, special remedy given by statute, founded and circumscribed by the terms of its creation, and the courts are powerless to take it up where the statute may leave it, and extend it to meet facts and circumstances, which they may believe present a case of equal merit, or a necessity of the same kind, as the cases or necessities for which the statute provides."

Sec. 1, chap. 54, the mechanic's lien law of this state, provides that any person who shall perform any labor or furnish any material for the erection of any dwelling house by virtue of a contract or agreement, express or implied, with the owner thereof, or his agents, shall have a lien to secure the payment of the same upon such house and the lot of land upon which the same shall stand.

A mechanic's lien in favor of a principal contractor, therefore, grows out of the contractual relations between the owner of the property improved, or his or her authorized agents, and such principal contractor, and the right thereto is based upon contract and for the purpose of securing debts due thereunder.

It is said in Boisot, Mechanics' Liens, sec. 276:

"Under statutes that give liens for work or material furnished by virtue of a contract with the owner of the land, a mechanic's lien can not be created upon the land of a married woman for work done or materials furnished in improving such land under a contract with her husband, where the husband acts merely for himself"; citing numerous authorities, among which is *Bradford v. Higgins*, 31 Nebr., 192.

From the evidence in this case, we think it may fairly be said that the wife was cognizant of the fact that her husband was engaged in the construction of the building upon the real estate owned by her; but that she took no part in the planning or construction of the building, or in the purchase of the material therefor, or in any way gave directions regarding the labor or material entering into the building. The family lived in rented property in the same town, and it appears that for most of the time the wife was unable to leave her home on account of illness. The evidence discloses that in the discussion of the subject by the husband and wife, it was understood that he was to pay for the material necessary for the building by working at his trade, that of carpenter and builder. The wife might very naturally acquiesce in having the proposed building erected by her husband to be paid for in such manner, and yet most strenuously object, if thereby her property was to be encumbered, and probably sold to satisfy the debt secured thereby. She and her husband both deny specifically that she authorized him to act for her, and say that whatever he did was on his own account. The trial court, doubtless, reached this conclusion, and, unless it is against the clear weight of evidence, the finding ought not to be overturned here, as has frequently been held heretofore. The wife's right to the control and disposition of her separate property, and to contract with relation thereto, is not to be ignored or regarded with indifference. In that respect, she stands upon an equality with all others capable of contracting. The material man may not sell to

whomsoever will buy, and then assert a lien upon real estate improved with such material, without reference to the authority of the person so purchasing to encumber the same. His rights are prescribed by statute, and he can only assert them by a compliance therewith, under a contract, expressed or implied, with the owner or her authorized agent. It is true, that a married woman, by remaining silent and acquiescing in a contract made by her husband assuming to act as her agent, and acting with her knowledge, is estopped from denying such agency. In this case, however, we find no element of estoppel. The husband did not contract as her agent, and the plaintiff was charged with notice by the public records that she was the owner of the land upon which the building was to be erected.

Whether or not the husband is the agent of the wife, is a question of fact, to be determined as other like questions, and will not be presumed from the marital relations alone. The mere fact that the wife had knowledge of the construction of the building by her husband on her property does not, in our judgment, of itself necessarily establish the agency of her husband with authority to charge such property with a lien for material used thereon; nor will her mere failure to dissent from the proposed transaction import an intention to bind her real estate to the payment of the debt. In *Ziegler v. Galvin*, 45 Hun [N. Y.], 44, 48, in a case similar to the one at bar, and in construing a like statute, the court says: "We are aware that this conclusion may result in a loss to the plaintiff and seem a hardship, inasmuch as her property has been benefited by the plaintiff's labor; but this reason cannot change the effect of the statute or be considered in construing the same. Contractors and sub-contractors must conform to its provisions, for they cannot be changed to meet the exigencies in individual cases. The wife who has a homestead coming to her through her mother may be willing, even pleased, to have her husband repair and improve the same, and

yet if she has no income or resources with which she can pay for the repairs or improvements, she might not have consented or be willing that they should be made if, in order to pay for the same, she had to submit to a sale of her homestead." The views thus expressed seem to be sound, and meet with our approval.

It is suggested that the wife ratified all of the husband's acts by occupying, with the husband, the house constructed on her land. We can not agree with counsel's contention in this respect. This is carrying the rule of ratification farther than we are willing to go. The building was intended as a family residence. The husband had obligations resting upon him as the head of the family, and it was incumbent upon him to provide them a home. As before stated, his wife could very properly consent to his constructing a building on her property for a residence, without intending thereby that he should act as her agent, or encumber her real estate, and thus entirely deprive her of it by its sale to satisfy such incumbrance.

In *Garnett v. Berry*, 3 Mo. App., 197, the syllabus reads: "Authorization or ratification of a contract to build a house on the wife's lot will not be presumed from the fact that the house was to be a residence for the wife and children, with the husband." In the opinion, says the court: "Plaintiff claims, in the present case, that the wife's authorization or her ratification of the contract may be assumed from the fact that the house was to be a residence for herself and children, with her husband. * * * But here it was no part of Mrs. Chamberlain's duty or care to provide a home for herself and her children. That was incumbent on the husband and father. The occupancy of the premises was his beneficial use, and not hers."

We do not think that from the occupation by the wife with her husband of a building as a family residence, constructed by the husband on the wife's land, a conclusive presumption of ratification of the husband's acts

thereby arises, so as to make effective a mechanic's lien, where none theretofore legally attached; at most, it is only a circumstance, to be considered with other facts and circumstances for the purpose of determining the question of the alleged ratification.

The judgment of the lower court is supported by sufficient competent evidence, and is therefore affirmed; this, however, without prejudice to a future action against the husband for the debt due on the accounts sued on.

AFFIRMED.


NEBRASKA DECISIONS.

MECHANICS' LIENS.

Eaton v. Bender, 1, 426; Ripley v. Gage County, 3, 397, McCormick v. Lawton, 449; Rogers v. Omaha Hotel Co., 4, 54; Meyers v. LePoidevin, 9, 535; Paine v. Putnam, 10, 588; Griggs v. LePoidevin, 11, 385, Hardy v. Miller, 395; Doolittle v. Goodrich, 13, 296, Scales v. Paine, 521; Great Western Mfg. Co. v. Hunter, 15, 32, Jones v. Church of Holy Trinity, 82, Buckstaff v. Dunbar, 114, Dohle v. Omaha Foundry, 436, Manly v. Downing, 637; Doolittle v. Plenz, 16, 153; Ballou v. Black, 17, 389, Foster v. Dohle, 631, Marrener v. Paxton, 634; Lepin v. Paine, 18, 629; White Lake Lumber Co. v. Stone, 19, 402, Marble v. Lumber Co., 732; Hassett v. Curtis, 20, 162; Ballou v. Black, 21, 131, Goodman v. Pence, 459; White Lake Lumber Co. v. Russell, 22, 126, Wallace v. Flierschman, 203, Hays v. Mercier, 656, Ansley v. Pasahro, 662, Hoagland v. Van Etten, 681; Harrington v. Latta, 23, 84; Colpetzer v. Trinity Church, 24, 113; Davenport v. Jennings, 25, 87, Shropshire v. Duncan, 485; Stewart-Chute Lumber Co. v. Missouri P. R. Co., 28, 39, Irish v. Lundin, 84, Irish v. Pheby, 231, Knutzen v. Hanson, 591, Howell v. Wise, 756, Howell v. Hathaway, 807; Morris v. Willits, 29, 569; McPhee v. Kay, 30, 62,

Bradford v. Peterson, 96, Bohn Mfg. Co. v. Kountze, 719, Millsap v. Ball, 728; Bradford v. Higgins, 31, 192, Pickens v. Plattsmouth L. & Inv. Co., 585; Windmill Co. v. Shay, 32, 19, Irish v. Pulliam, 24, Hibbard v. Talmage, 147, South Omaha Lumber Co. v. Central Inv. Co., 529; Stewart-Chute Lumber Co. v. Missouri P. Ry. Co., 33, 29, Pomeroy v. White Lake Lumber Co., 240, Idem v. Idem, 243, Hoagland v. Lusk, 376, Bank v. Bonacum, 820, Johnson v. Blazer, 841, Green v. Sanford, 34, 363, Jones v. Sherman, 452, Irish v. O'Hanlon, 786; Livesey v. Brown, 35, 111, Gray v. Elbling, 278, Herbert v. Keck, 508; Bloomer v. Nolan, 36, 51, Burlingim v. Cooper, 73, Henry & Coatsworth Co. v. McCurdy, 863; Henry & Coatsworth Co. v. Fisherdick, 37, 207, Pickens v. Plattsmouth Inv. Co., 272, Smith v. Parsons, 677, Noll v. Kenneally, 879; Waterman v. Stout, 38, 396, Holmes v. Hutchins, 601, Kilpatrick v. Kansas City & B. R. Co., 620, Sheehy v. Fulton, 691, Badger Lumber Co. v. Mayes, 822, Weir v. Barnes, 875; Byrd v. Cochran, 39, 109, Wakefield v. Latey, 285, Hoagland v. Lowe, 397, Burlingim v. Warner, 493; Zarrs v. Keck, 40, 456, Ballard v. Thompson, 529, Chappell v. Smith, 579; Scroggin v. National Lumber Co., 41, 195, Jarrett v. Hoover, 231, Van Dorn v. Mengedoht, 525, Cain v. Boller, 721, Bell v. Bosche, 853; Garlichs v. Donnelly, 42, 57, Barnacle v. Henderson, 169, Pickens v. Polk, 267, Bohn Sash & Door Co. v. Case, 281, Moore v. Vaughn, 696, Patrick Land Co. v. Leavenworth, 715, Union Stock Yards State Bank v. Baker, 880; Wells v. David City Improvement Co., 43, 366, Buchanan v. Selden, 559, Chapman v. Brewer, 890; Hines v. Cochran, 44, 12, Omaha Consolidated Vinegar Co. v. Burns, 21, Badger Lumber Co. v. Holmes, 244, Weir v. Thomas, 507, Pearsall v. Columbus Creamery Co., 833, Central Loan & Trust Co. v. O'Sullivan, 834; Blazer v. Rogner, 45, 588; Hansen v. Kinney, 46, 207, Specht v. Stevens, 874; Monroe v. Hanson, 47, 30, Livesey v. Hamilton, 644; Fuller v. Pauley, 48, 138, Drexel v. Richards, 322, Idem v. Idem, 732; Omaha Con-

solidated Vinegar Co. v. Burns, 49, 229, Cummings v. Emslie, 485, Rogers v. Central Loan & Trust Co., 676; Drexel v. Richards, 50, 509, Omaha Fire Ins. Co. v. Thompson, 580, Seieroe v. Homan, 601; Chicago Lumber Co. v. Anderson, 51, 159, Hersh v. Carmen, 784; Pardue v. Missouri P. R. Co., 52, 201, Western Cornice & Mfg. Works v. Leavenworth, 418, Cummins v. Vandeventer, 478, Frost v. Falgetter, 692, Nye v. Berger, 758; Wakefield v. Van Dorn, 53, 23, Congdon v. Kendall, 282, West v. Reeves, 472, U. S. Wind Engine & Pump Co. v. Drexel, 771; Goodwin v. Cunningham, 54, 11, Bogue v. Guthe, 236, Portsmouth Savings Bank v. Riley, 531; Badger Lumber Co. v. Holmes, 55, 473, Calkins v. Miller, 601; Watkins v. Bugge, 56, 615; Grand Island Banking Co. v. Koehler, 57, 649; Fiske v. School District, 58, 163, Henry & Coatsworth Co. v. Halter, 685; Miller v. Neely, 59, 539, Bullard v. Groff, 783.—REPORTER.