ROBERT W. McHALE, APPELLEE, v. WILLIAM F. MALONEY ET AL., APPELLANTS.

FILED FEBRUARY 4, 1903. No. 12,597.

Commissioner's opinion, Department No. 3.

1. **Mechanic's Lien**: PERSONAL JUDGMENT. On the foreclosure of a mechanic's lien the plaintiff may take a personal judgment against the party personally liable for the debt.

2. **Trial**: THEORY: CONTRACT: HUSBAND: WIFE: AGENCY: JOINT LEASE: MECHANIC'S LIEN: PETITION: ALLEGATION: REVERSAL: CONTRACT WITH BOTH. Where a case is tried on the theory that a contract signed by the husband alone for performing labor and furnishing material by a contractor in the erection of a building, was made by the husband for himself and as agent for his wife, they holding a joint lease of the premises, this court will not reverse a decree enforcing a mechanic's lien against both husband and wife on the ground that the petition does not in plain terms charge that the contract was with both.

APPEAL from the district court for Douglas county. Foreclosure of a mechanic's lien. Personal judgment below against appellants. Tried below before DICKINSON, J. *Affirmed.*

*Abraham L. Knabe,* for appellants.

*Charles S. Lobingier, Charles W. Haller, Martin Langdon, Lawrence Rath, Richard S. Horton, George W. Shields, Charles A. Goss, L. D. Holmes* and *Jacob L. Kaley, contra.*

DUFFIE, C.

This is an appeal from a decree foreclosing a mechanic's lien taken by William F. and Emma F. Maloney. The

Syllabus by court; catch-words by editor.

plaintiff entered into a written contract with William F. Maloney to furnish the material and do the brick and stone work necessary in the construction of a theatre building in the city of Omaha. The defendants Charles H. and Annie Downs and Carlotta C. Chrisman, are the owners of the premises on which the building is located, and, prior to the date of the plaintiff's contract with —— Maloney, had leased said ground to William F. and Emma F. Maloney for a term of eight years. The other defendants are parties who furnish material for the building, and filed liens against the same. The court found the amount due each of the claimants, entered judgment therefor, and establesh a mechanic's lien in their favor against the leasehold estate of the Maloneys, decreed a foreclosure of the same and a sale of the leasehold estate in case the amount found due was not paid within a certain specified time. Appellants complain that the holders of mechanics' liens were allowed a personal judgment against them in addition to their decree of foreclosure. *Meyers v. Le Poidevin,* 9 Nebr., 535, recognizes the practice of entering a personal judgment against a party personally liable for the debt on the foreclosure of a mechanic's lien, and that has been the rule, as we understand, since the statute giving the lien was enacted. Because of this long practice and the seeming concurrence of the profession in the view that the statute authorized and contemplated it, we should not feel inclined to disturb it at this time, even if it were a doubtful question.

It will be observed from the statement above made that William F. and Emma F. Maloney were the lessees of the premises on which the theatre was erected, and that the contract for the stone and brick work to be done by McHale was signed by William F. alone. The appellants now insist that McHale is not entitled to a mechanic's lien against Emma F. Maloney, for the reason that the petition does not allege that McHale furnished any material or did any labor by virtue of a contract, either express or implied, with the said Emma F. Maloney. Our

statute gives a lien to the laborer or material man "who shall perform any labor, or furnish any material * * * for the erection * * * of any * * * building * * * by virtue of a contract or agreement expressed or implied with the owner thereof or his agents."* The petition alleges that the plaintiff made a contract with William F. Maloney, who held himself out to be the lessee and agent of the premises on which the building was erected. William F. and Emma F. Maloney made joint answer to this petition. The answer contains: (1) A general denial of all allegations not thereafter admitted; (2) admits that William F. Maloney entered into the contract with the plaintiff set out in the petition; (3) alleges that the plaintiff failed to do the work contracted for in a workmanlike manner and failed to furnish as good material as provided by the contract, by reason of which the defendants were damaged in the sum of $500, for which judgment was prayed. While the petition does not charge in plain terms that William F. Maloney was the agent of Emma F. Maloney in making the contract, the defendants must have so construed it, as otherwise it is difficult to see how Emma F. Maloney could assert a claim for damages for a failure to perform. If William F. Maloney was not her agent, and the contract made for her benefit as well as his own, no right to damages for its breach could accrue to her and she would hardly assert such a claim. She certainly can not claim to recover on a contract to which she is not a party. The evidence was not preserved, and we have nothing before us but the pleadings and the decree entered, and can not say, therefore, except as we judge from the decree rendered, upon what theory the case was tried. We must presume, in the absence of a showing to the contrary, that the court entered the proper decree and that the parties understood and treated the allegation of the petition above quoted as charging that William F. Maloney was agent for the lessees of the property. The reply

---

* Cobbey's Annotated Statutes, sec. 7100; Compiled Statutes, ch. 54, sec. 1.

Moores v. State.

of the plaintiff specifically alleges that William F. Maloney acted for his wife, Emma F., as well as himself; and while a defective petition can not usually be cured or aided by the allegations of the reply, it is another circumstance leading us to believe that the case was tried upon the theory that the pleadings were sufficient to charge Mrs. Maloney as one of the parties to the contract.

We recommend the affirmance of the decree appealed from.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree appealed from is

AFFIRMED.

NOTE.—*Mechanic's Lien—Husband and Wife—Agency.*—Mechanic's lien for material furnished to husband for improvements upon wife's property with her knowledge. *Howell v. Hathaway,* 28 Nebr., 807; *Rust-Owen Lumber Co. v. Holt,* 60 Nebr., 80.—W. F. B.