FRANK GILCRIST, APPELLEE, v. ANDY WRIGHT ET AL., APPELLEES, IMPLEADED WITH WILLIAM A. EHLERS ET AL., APPELLANTS, WILLIAM A. EVANS ET AL., INTERVENERS-APPELLEES.

94 N. W. 2d 476

Filed February 6, 1959. No. 34462.

*W. A. Ehlers,* for appellants.

*Kelley & Grant,* for appellee Gilcrist.

*Davis & Pittman, Peter E. Marchetti, L. W. Hopkins,* and *McCulloch, Leigh & Koukol,* for appellees Wright et al.

*Marks & Clare,* for interveners-appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The plaintiff brought this action to foreclose a mechanic's lien on Lot 4, Block 3, Hulst Addition to the city of Omaha, in the amount of $860. William A. Evans and Allen D. Evans, a partnership, intervened and prayed for the foreclosure of a mechanic's lien for $635 on the same property. Robert W. Fitzpatrick filed his answer and cross-petition, and prayed for the foreclosure of a mechanic's lien for $249 on the same property. The defendants, Andy Wright and Iola B. Wright, James Fruits and Mary Fruits, and William A. Ehlers and Margaret C. Ehlers, were owners of the property at various times involved in the litigation. Fred Minor and Thelma Minor are alleged to have some interest in the litigation by virtue of a mortgage for $5,000 given to them by James and Mary Fruits. Earnest Wiggins is alleged to have an interest in the litigation by virtue of a partial assignment in the amount of $1,770 of a mortgage for $4,750 executed by Andy and Iola Wright to

James Fruits. The defendant William A. Ehlers filed an answer and cross-petition. In the cross-petition Ehlers alleged that the Pound Abstract Company failed to include in the abstract of title to the property here involved the recorded mortgage for $4,750 given by the Wrights to Fruits and the partial assignment of $1,770 of such mortgage to Wiggins. He asks a judgment for damages sustained by him if loss is shown to have resulted from such failure. The Pound Abstract Company made no appearance, summons is not shown to have been made upon it, and no issues raised by Ehlers against the Pound Abstract Company were determined by the court. Ehlers alleged the invalidity of the mechanics' liens, that the $5,000 mortgage assigned to him by Fred and Thelma Minor did not merge in the title subsequently acquired by Margaret C. Ehlers and William A. Ehlers as joint tenants, and that the note in the amount of $1,770 secured by an assignment in that amount of the $4,750 note and mortgage given by the Wrights to James Fruits was usurious and wholly unenforcible. Fred and Thelma Minor made no appearance, and the court found that they had no interest in the litigation. From a decree of the trial court determining the ownership of the property and the validity and priority of liens thereon, and the personal liability therefor, the defendants Ehlers have appealed.

The evidence shows the following facts as to the ownership of the property. In October 1955, Fruits negotiated with W. Irving Wilkie for the purchase of two vacant lots, including the one here involved. About the same time he negotiated with Wilkie for the purchase of two houses which Fruits intended to move onto the lots and, after rehabilitating them, to offer them for sale. On or about October 13, 1955, Fruits sought out the defendant Andy Wright as a prospective purchaser of the lot here involved and one of the houses which was to be moved upon it. On October 20, 1955, Wright entered into an agreement to purchase the property

after it was placed in condition for occupancy for the sum of $5,750. In completing the transaction with Wilkie and Wright, Fruits caused the title to the lot to be placed in Wright by a deed from Wilkie to Wright which was recorded on November 17, 1955. As a part of the transaction Wright paid Fruits $1,000 in cash and executed a note and mortgage to Fruits in the amount of $4,750, the mortgage being dated November 11, 1955, and recorded on November 17, 1955. On the same day Fruits gave Wiggins a note for $1,770 and secured it by assigning the $4,750 mortgage to him to the extent of $1,770. On September 19, 1956, the Wrights deeded the property to Mary Fruits, the wife of James Fruits. On October 1, 1956, Mary and James Fruits executed a note and mortgage to Fred and Thelma Minor in the amount of $5,000 which was recorded on October 2, 1956. On October 1, 1956, the Minors assigned the $5,000 mortgage to William A. Ehlers for a stated consideration of $5,000 but which was in fact $3,333.36. On December 27, 1956, the Fruits entered into a land contract with the Wrights whereby the latter purchased the property for the sum of $7,300, subject to the mortgage of $5,000 given by Fruits to the Minors and which they assigned immediately to Ehlers. On January 4, 1957, the Fruits conveyed the property to Margaret C. Ehlers and William A. Ehlers as joint tenants. On the same day the Fruits assigned the land contract they had with the Wrights to Margaret C. Ehlers for an actual consideration of $800. It will be observed therefore that the title to the property was in the Wrights from November 17, 1955, to September 19, 1956; from September 19, 1956, to January 4, 1957, the title was in Mary Fruits; and since January 4, 1957, the title was in Margaret C. Ehlers and William A. Ehlers as joint tenants.

The plaintiff filed a mechanic's lien on the property on which it was shown that he had performed work and furnished materials in the amount of $1,060 upon

which $200 had been paid. The lien states that the work was commenced on March 15, 1956, and completed on December 29, 1956. The lien was filed on February 15, 1957.

The evidence shows that the lien was the result of two agreements entered into by plaintiff with the defendant James Fruits. The first agreement was made on or about March 1, 1956. It consisted of an offer to install water service in each of three houses including the property involved herein for the sum of $160 on each house. The evidence shows that this work was completed on or before July 30, 1956. It is clear that the work performed under this agreement was not a basis for a mechanic's lien for the reason that it was not filed within 4 months after performing the work or furnishing materials as required by the mechanic's lien law, the only claim of lien having been filed on February 15, 1957. See § 52-103, R. S. Supp., 1955.

The second agreement between plaintiff and Fruits was entered into on or about August 15, 1956. The work was shown to have been completed on December 29, 1956. It is not disputed that the work was performed and the materials provided in accordance with the agreement. The claimed lien was filed within time to the extent of $700.

At the time the foregoing agreements were entered into, and until September 19, 1956, the title to the property was in the Wrights. Fruits made the agreements pursuant to understandings with the Wrights that the work would be done as part of the consideration they paid for the property. Andy Wright was at the site of the property numerous times during the progress of the work. He in fact prescribed the amount of work to be done. The sale price of the property was based primarily on the extent of the work required by the Wrights in fixing up the property. The work covered by the claimed lien was completed after September 19, 1956, when Mary Fruits took title. She had full knowledge

of the existing situation and permitted the work to be completed. Under these circumstances the mechanic's lien was valid to the extent of $700 and the Wrights and James Fruits are personally liable for its payment. We conclude, however, that no basis exists for holding Mary Fruits, Margaret C. Ehlers, and William A. Ehlers personally liable for the amount owing to the plaintiff for the reason that they did not contract for or assume the indebtedness. Plaintiff is entitled to a personal judgment against Andy Wright, Iola B. Wright, and James Fruits in the amount of $860 and to the foreclosure of his mechanic's lien to the extent of $700 of such amount.

The interveners Evans filed a mechanic's lien on the property on which it was shown that they had performed work and furnished materials in the amount of $635. The lien states that the work was commenced on September 25, 1956, and was completed on November 23, 1956. The lien was filed on January 23, 1957.

The evidence shows that Fruits entered into an oral agreement with Evans to perform work and provide a furnace and heating accessories on September 25, 1956, and that the work was commenced the next day. The evidence shows that it was completed on November 23, 1956. During the period the materials were furnished and the work was performed, the title of the property was in Mary Fruits. The evidence shows that she had full knowledge of the work being done and that James Fruits, her husband, was acting in her behalf. The mechanic's lien is valid in the amount of $635. A personal judgment for such amount against James and Mary Fruits was properly granted. The personal judgment entered by the trial court against Andy Wright, Iola B. Wright, William A. Ehlers and Margaret C. Ehlers is erroneous in that they, or any one of them, did not contract or assume such indebtedness.

The defendant Robert W. Fitzpatrick filed a mechanic's lien on the property on which it was shown that he had

performed work and furnished materials in the amount of $249. The lien states that the work was commenced on August 6, 1956, and completed on January 14, 1957. The lien was filed on May 6, 1957.

The evidence shows that Fruits entered into an agreement with Fitzpatrick to perform work and furnish electrical materials in July 1956. The work was commenced on or about August 1, 1956, and was completed on January 14, 1957. From July 1956 to September 19, 1956, the title to the property was in the name of Andy and Iola B. Wright. From September 19, 1956, to January 4, 1957, the title was in Mary Fruits. After January 4, 1957, the title was in William A. Ehlers and Margaret C. Ehlers as joint tenants. The lien was in all respects valid in the amount of $249. Fitzpatrick was entitled to a personal judgment against Andy Wright, Iola B. Wright, and James Fruits. The personal judgment entered against Mary Fruits, William A. Ehlers, and Margaret C. Ehlers is erroneous in that they or any one of them did not contract or assume such indebtedness.

We conclude that plaintiff Gilcrist has a valid mechanic's lien in the amount of $700 which became a lien on August 15, 1956. Interveners Evans have a valid lien in the amount of $635 which became a lien on September 25, 1956. The defendant Fitzpatrick has a valid lien in the amount of $249 which he claimed became a lien on August 6, 1956. The attaching date of a mechanic's lien is the date on which materials are first furnished or labor first performed by the person claiming the lien. Henry & Coatsworth Co. v. Fisherdick, 37 Neb. 207, 55 N. W. 643; Krotter & Sailors v. Pease, 161 Neb. 774, 74 N. W. 2d 538.

On foreclosure of a mechanic's lien the plaintiff may take a personal judgment against the person liable for the debt. McHale v. Maloney, 67 Neb. 532, 93 N. W. 677.

Whether or not a husband is the agent of the wife in contracting an indebtedness resulting in the filing of a mechanic's lien against her property is a question of

fact to be determined as other like questions. Rust-Owen Lumber Co. v. Holt, 60 Neb. 80, 82 N. W. 112, 83 Am. S. R. 512. The evidence sustains a finding that James Fruits was the agent of Mary Fruits, his wife, in contracting for the improvement of her property during the time she held the legal title to it.

The defendant Earnest Wiggins claims a first lien on the property by virtue of a note for $1,770 and interest, secured by an assignment of the $4,750 mortgage executed by the Wrights in favor of James Fruits, such assignment being for a stated consideration of $1,770. The defendant Ehlers contends that the $1,770 note is usurious and therefore wholly void. The trial court held the $1,770 note to be usurious and decreed a first lien in favor of Wiggins for $1,300 without interest, the $1,300 being the actual consideration for the $1,770 note. Wiggins cross-appealed from this part of the decree of the district court, asserting among other things that he is entitled to a first lien for $1,770 and interest as provided in the note. Wiggins asserts further that Ehlers is not in privity with James Fruits and cannot raise the issue of usury.

The $4,750 mortgage was recorded on November 17, 1955, and the assignment of the mortgage for $1,770 was recorded on the same date. Defendant Ehlers testified that he obtained an abstract of title which he examined prior to his purchase of the $5,000 mortgage from the Minors and that the $4,750 mortgage and the $1,770 assignment thereof were not shown thereon. This in no manner affects the rights of Wiggins under the assignment for $1,770.

The mortgage for $4,750 from the Wrights to James Fruits was a valid subsisting mortgage when it was assigned to Wiggins in the amount of $1,770. When James Fruits and Mary Fruits conveyed the property to Margaret C. Ehlers and William A. Ehlers on January 4, 1957, by warranty deed, they conveyed all of their interest in the property, including their interest in the

$4,750 mortgage. It could not, of course, operate as a conveyance of the interest of Wiggins obtained by the assignment to him of a $1,770 interest therein. The trial court correctly decreed that Wiggins had a first lien on the property by virtue of the assignment of the mortgage to him.

The evidence shows that James Fruits borrowed $1,300 from Wiggins and was required to make a note to Wiggins for $1,770 with interest at 1 percent per annum. The note was clearly usurious. The only party raising the question of usury was Ehlers who had purchased the $5,000 mortgage from the Minors and subsequently obtained title to the property as a joint tenant with his wife.

We are convinced that the defendants Ehlers cannot properly raise the defense of usury. In a case very similar on its facts, this court said: "The plea of usury as a defense is personal to the borrower and his sureties and privies. * * * The answers of the parties named wholly failed to show that they stand in the relation of sureties or privies to the borrower, and therefore that they are entitled to avail themselves of the defense of usury. So far as appears they are mere purchasers of the equity of redemption. Where there is a failure to plead a material fact - one necessary to show a cause of action - the law presumes that it does not exist." Cheney v. Dunlap, 27 Neb. 401, 43 N. W. 178, 5 L. R. A. 465. This rule was recently discussed and approved in Commonwealth Trailer Sales, Inc. v. Bradt, 166 Neb. 1, 87 N. W. 2d 705. In the Commonwealth Trailer Sales case we held in effect that, in order to question the validity of a usurious contract, the right must be based on the original debtor's right. There is nothing in the record in the instant case to show that Ehlers stood in the shoes of James Fruits as debtor on the $1,770 note. The defense of usury fails because it was not interposed by a party entitled to make the same. The trial court erred in decreeing a lien on the property to Wig-

gins for $1,300 without interest. The lien of Wiggins should have been for $1,770 with interest as provided by the terms of the note.

The defendant Ehlers complains of the holding of the trial court that the $5,000 mortgage which he purchased from the Minors was merged in the fee title held by William A. Ehlers and Margaret C. Ehlers as joint tenants. There were no liens intervening from the time Ehlers purchased the mortgage and the date Margaret C. Ehlers and William A. Ehlers as joint tenants obtained title to the property. We do not think the decree of the trial court was correct in holding that the mortgage was merged in the fee under these circumstances. There was not an identity of ownership of the mortgage and the fee title. Nor does the evidence indicate any intent on the part of the owners of the fee title that the mortgage was to be merged in the fee title. We conclude therefore that the mortgage for $5,000 held by William A. Ehlers was not merged in the fee title held by Margaret C. Ehlers and William A. Ehlers as joint tenants. For a general discussion of the subject of merger, see Downing v. Hartshorn, 69 Neb. 364, 95 N. W. 801, 111 Am. S. R. 550; Citizens State Bank v. Petersen, 114 Neb. 809, 210 N. W. 278; Edney v. Jensen, 116 Neb. 242, 216 N. W. 812; Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 8 N. W. 2d 545.

We conclude that the fee title to the property here involved is in Margaret C. Ehlers and William A. Ehlers as joint tenants, subject to the land contract between the Fruits and the Wrights dated December 27, 1956, which was subsequently assigned by the Fruits to Margaret C. Ehlers on January 4, 1957. The defendant Earnest Wiggins has a first mortgage lien on the property for $1,770 and interest, with a priority date of November 17, 1955.

The priority of the three mechanic's liens requires the consideration of this court. Under the mechanic's lien statute of this state there are no priorities among

mechanic's lienholders for materials furnished or labor performed where the liens are of the same class and attach to the same estate. The three liens in the instant case are of equal priority and on foreclosure, if the avails of sale are insufficient to pay the liens in full, the lienholders should be paid on a pro rata basis. Henry & Coatsworth Co. v. Fisherdick, *supra*. The mechanic's liens of Gilcrist, Evans, and Fitzpatrick are therefore of equal priority and, in effect, constitute a second lien on the property.

The defendant William A. Ehlers has a lien on the property for the amount due on his $5,000 mortgage which is subject to the liens of Wiggins, Gilcrist, Evans, and Fitzpatrick.

The judgment of the district court is reversed and the cause remanded with directions to enter a decree in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.