FRANK GILCRIST, APPELLEE, V. ANDY WRIGHT ET AL., APPELLEES, IMPLEADED WITH WILLIAM A. EHLERS ET AL., APPELLANTS, WILLIAM A. EVANS ET AL., INTERVENERS-APPELLEES.

101 N. W. 2d 158

Filed February 19, 1960. No. 34734.

*W. A. Ehlers,* for appellants.

*Kelley & Grant,* for appellee Gilcrist.

*Davis & Pittman, Peter E. Marchetti,* and *McCulloch, Leigh & Koukol,* for appellees Wright et al.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

The determination of the matter for consideration in the proceeding now before the court requires a statement of historical background which is found in the transcript of an earlier proceeding in this court of which the present one is part and parcel, and the opinion and mandate of this court in that proceeding. The opinion in that proceeding appears as Gilcrist v. Wright, 167 Neb. 767, 94 N. W. 2d 476.

The action was by Frank Gilcrist, plaintiff, against Andy Wright and Iola B. Wright, Mary Fruits and James Fruits, William A. Ehlers and Margaret C. Ehlers, Fred Minor and Thelma Minor, and Earnest Wiggins, defendants. The purpose of the action was to foreclose a claimed mechanic's lien upon Lot 4, Block 3, Hulst Addition to the city of Omaha, Douglas County, Nebraska. The defendants were made parties because they had or claimed some interest in the property. William A. Evans and Allen D. Evans filed in the action a petition of intervention in which they claimed a mechanic's lien. They asked foreclosure thereof. By an order of court others were made parties to the action. One of these parties, Robert W. Fitzpatrick, by answer and cross-petition set forth a claim of a mechanic's lien. He also asked foreclosure.

The case was tried to the court after which the court found and decreed that Earnest Wiggins had a lien of $1,300 without interest; that Frank Gilcrist had a lien of second priority for $860 plus interest; that Robert W. Fitzpatrick had a lien of third priority for $249 plus interest; and that William A. Evans and Allen D. Evans had a lien of fourth priority for $635 plus interest. The declared lien of Wiggins was not based on a mechanic's lien but on an assignment of a part of a mortgage which at the time of the assignment was held by James Fruits, the total of which mortgage was $4,750. The assigned portion of the mortgage was $1,770. The fixation of $1,300 by the decree instead of $1,770 was based on the theory that the transaction was usurious in consequence of which $1,300 only was enforceable.

From the decree in the former proceeding an appeal was taken and an opinion rendered. Gilcrist v. Wright, *supra*. By that opinion the decree of the district court was reversed and the cause remanded with directions. It is not contended here that there was not a compliance with the directions contained in the opinion.

Insofar as the matter is pertinent here the only direction was that it should be decreed that Earnest Wiggins had a mortgage lien in the amount of $1,770 with interest, with a priority date of November 17, 1955, and that the three mechanics' liens should have equal priority and that they were inferior to the lien of Earnest Wiggins. In other pertinent respects the decree of the district court was not disturbed. This direction was complied with by the district court.

On November 11, 1955, Andy Wright and Iola B. Wright, the then title holders to the real estate, gave a mortgage to James Fruits in the amount of $4,750. It was $1,770 of this amount which was assigned to Earnest Wiggins. The assignment was dated November 17, 1955. Thereafter, on September 19, 1956, Andy Wright and Iola B. Wright conveyed title to the property to Mary Fruits, the wife of James Fruits. On October 1, 1956,

Mary Fruits and James Fruits executed a mortgage to Fred Minor and Thelma Minor in the amount of $5,000. On the same day this mortgage was assigned to William A. Ehlers.

This mortgage is not a matter of any controlling significance in this proceeding. It was, however, in the former proceeding. It is mentioned so that it will be understood that what is said herein about mortgage has no reference to this one, but to the one of which the assigned $1,770 is a part, or the $4,750 mortgage, which furnishes the basis for this proceeding. The title to this property was conveyed to Margaret C. Ehlers and William A. Ehlers as joint tenants on January 4, 1957. They are the owners of the fee title thereto.

This leads to the subject of the present proceeding, which is the legal status of the difference between the face of the $4,750 mortgage and the $1,770 portion thereof which was adjudicated to be a first mortgage lien in favor of Earnest Wiggins. The amount involved is of course $2,980.

William A. Ehlers and Margaret C. Ehlers, who are appellants herein, filed a motion in the district court in which they asked leave to file a supplemental petition. In the motion it was asserted in substance that the court found that the $4,750 mortgage was a valid and subsisting mortgage lien subject to a partial assignment of $1,770, leaving undisposed of a balance in the amount of $2,980 which has not been claimed in the pleadings by any party, and that no judicial determination of its true ownership and status has been made. It is further stated, again substantially, that this balance is a valid and subsisting mortgage lien and that it is necessary that proper pleadings be filed, a trial had, and determination of the rights of all parties made to the end that good and sufficient title may be obtained by a purchaser at a judicial sale of the property. The motion was overruled. A motion for rehearing on the motion

was filed, which was overruled. From these orders an appeal has been taken by the appellants.

The proper answer to the question of whether or not the district court erred in refusing to allow the filing of a .supplemental petition for the purposes outlined in the motion must flow from what is to be found to have transpired in the former proceeding. The questions suggested were. presented, we think, by pleadings filed in that proceeding and the adjudication thereon rendered.

As pointed out, the appellants contend in their motion that the court found that there was a valid and subsisting mortgage lien for $4,750, the right to $1,770 of which was determined and the right to $2,980 of which was left undetermined. The record fails to sustain this contention. The decree in this respect goes no further than to say that the $1,770 was a first mortgage lien. No direct reference was made in any adjudication as to the difference between the face of the mortgage and the $1,770.

This being true it becomes necessary to refer to the pleadings and the decree or decrees to ascertain whether or not there has been an adjudication of the status of that portion of the mortgage.

By cross-petition Earnest Wiggins pleaded the existence of the mortgage and assignment of $1,770 of that mortgage to him.

The appellant William A. Ehlers responded to the cross-petition of Earnest Wiggins by answer and cross-petition. In his answer he pleaded: "* * * that said purported mortgage and purported assignment * * *, are null and void, and without force and effect against this answering defendant, or as a lien against the said real estate, * * * to-wit:

"That the mortgage * * * is not a lien or mortgage on the real estate therein described."

This answer and cross-petition of appellant William A. Ehlers was adopted by the appellant Margaret C.

Ehlers as her answer and cross-petition by reference and declaration.

It becomes clear therefore that the status of the $4,750 mortgage was presented to the court for consideration and determination. In truth it was so presented by the appellants, and on a theory contrary to that contained in the motion for leave to file a supplemental petition.

The status of the $2,980 portion of the $4,750 mortgage was not disposed of by specific reference in the original decree, but in general terms it was disposed of adversely to the appellants. In general disposition the following appears: "* * * and that the defendants William A. Ehlers and Margaret C. Ehlers have no interest in said property arising out of any mortgage, * * *."

This amounts to a determination and adjudication of any right of the appellants, adversely to them, to file a supplemental petition for the apparent purpose for which they seek to file it. That purpose is of course to have the $2,980 given a priority in their favor equal to the priority given the lien for $1,770.

On the appeal the effect of this as to the $5,000 mortgage was presented to this court, and incidentally the decree as to that mortgage in this respect was reversed, but at no time has the decree in relation to the $2,980 portion been presented for review. The adjudication made that the appellants herein have no interest in the property arising out of the $4,750 mortgage is a valid, binding, and subsisting judgment, which is not now and was not at the time the motion was made for leave to file a supplemental petition subject to judicial interference or change. The decree in this respect is res judicata. When a question of fact is once determined on its merits, that question is settled so far as the litigants and those in privity are concerned and it may not be relitigated between the same parties. See, Shepard v. City of Friend, 141 Neb. 866, 5 N. W. 2d 108; City of Wayne v. Adams, 156 Neb. 297, 56 N. W.

2d 117; Niklaus v. Phoenix Indemnity Co., 166 Neb. 438, 89 N. W. 2d 258.

Analysis of the pleadings in the action, with particular reference to parties having or claiming an interest in the real estate, of the decrees before and after appeal, of the decision of this court, and of the disposition of rights made thereby and thereunder discloses that the rights of all parties were adjudicated and it becomes clear that nothing remains with regard to any interest in the $4,750 mortgage for adjudication.

The district court did not err in overruling the motion of the appellants to file a supplemental petition, and accordingly the judgment of the district court is affirmed.

AFFIRMED.